J. O. TIBBITS, Appellant, v. STATE, Appellee.

200 So. 373

Special Division B

Opinion Filed February 7, 1941

Rehearing Denied February 28, 1941

70

*Robert C. Lane* and *R. S. McDavid,* for Appellant;

*George Couper Gibbs,* Attorney General, *William Fisher, Jr.,* Assistant Attorney General, *Robert R. Taylor,* County Solicitor, and *Thomas H. Anderson,* Assistant County Solicitor, for Appellee.

PER CURIAM.—The appellant, J. O. Tibbits, was charged with the embezzlement of funds of the City of Miami, on and prior to the 27th day of January, 1939, in the amount of $1,893.00. Appellant entered a plea of not guilty and was tried and convicted on April 30, 1940. From a judgment of conviction and sentence to imprisonment in the State Penitentiary, this appeal is brought under the Criminal Procedure Act.

The appellant presents two questions. The first is that the evidence was insufficient to sustain a conviction and the verdict is such that the jury must have been guided by considerations other than a due respect for the evidence.

The appellant was convicted under Section 7247 (5146) C. G. L. It was necessary for the State to prove the "elements of the offense beyond a reasonable doubt, to-wit: (1) That the funds allegedly embezzled were the funds of the City of Miami; (2) that the appellant J. O. Tibbits, was a clerk, agent or servant of the City of Miami; (3) that the appellant received the funds allegedly embezzled; (4) that the appellant received the allegedly embezzled funds in the course of his employment as such clerk, agent or servant of the City of Miami; (5) that the appellant converted the allegedly embezzled funds to his own use or to the use of some third person, or that he fraudulently disposed of the said funds, or that he took and secreted the said funds with the intent so to do; and (6) that appellant had a fraudulent intent to deprive the City of Miami of its property." See Dunkle v. State, 98 Fla. 985, 124 So. 725; McKinley v. State, 102 Fla. 632, 136 So. 380.

It is stipulated in the record that the City of Miami was a municipal corporation and in existence at all times mentioned in the information; that the defendant received and receipted for the monies set out in the bill of particulars; that the defendant received such money while a sergeant on the police force of the City of Miami. Desk Sergeant Morseman testified that the money he turned over to the defendant was money collected by him for the City of Miami as fines for traffic violations. The chief accountant for the City of Miami testified as to the capacity in which the defendant received the money in question. Testimony was offered to the effect that from December, 1937, to January, 1939, the defendant received over $1,800.00 by reason of his official position which belonged to the City of Miami and which was not remitted by him to the City. The defendant does not raise any question as to his receipt of the monies or his failure to remit them to the proper

city officials. His explanation of his failure to so remit, as was his duty, was evidently not believed by the jury. They chose to believe that he appropriated to his own use the money belonging to the City and sought to veil his criminal conduct behind an alleged inability to promptly perform the duties of his position, such inability resulting in a situation which allowed unknown persons an oportunity to steal the money without his knowledge. See Kirkland v. State, 86 Fla. 64, 97 So. 502. Circumstantial evidence is relied on by the State to prove that the appellant converted the allegedly embezzled funds to his own use or secreted them with intent to do so, and that he had a fraudulent intent to deprive the City of Miami of its property.

The evidence submitted to the jury in regard to the financial condition of the appellant, his salary or income and his financial obligations, together with the testimony of all the witnesses, was sufficient, if the jury believed it, to sustain the verdict.

The second question presented is whether or not the court committed reversible error in overruling the motion for new trial without first having heard argument of counsel pursuant to Section 240 of the Criminal Procedure Act. Sec. 8663 (249), 1940 Supp., C. G. L. We find no reversible error here. Nothing appears in the record as to any request of appellant for the trial judge to set a date for the hearing of the motion for new trial. Even the most cursory reading of the statute shows that it is not mandatory. We find no provision that requires the trial court to hear arguments of counsel on the motion for new trial.

Even if the statute does require the trial judge to hear arguments of counsel on a motion for new trial, his failure to do so would not be prejudicial or harmful error unless the appellate court holds that the ruling on the merits of the motion was harmful error. We find no prejudice to

the appellant in the ruling of the court denying his motion for a new trial.

A careful study of the entire record discloses no reversible error and the judgment will be affirmed.

Affirmed.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN, J. J., concur.