ALLEN, Judge.
This appeal occurs upon denial of appellant’s motion to vacate and set aside a sentence imposed after conviction of the crime of burglary. The sole question presented is the sufficiency vel non of the evidence upon which the lower court based its finding that appellant had not been indigent at the time of arraignment and, had, in any event, intelligently, understandingly and competently waived the right to counsel. The evidence in question consists of the record of the original proceedings and the testimony of nine witnesses heard during two days of hearings on appellant’s motion.
Before proceeding to consideration of the determinative question, we pause to recognize and commend the procedure employed by the able trial jtxdge in effecting disposition of appellant’s motion. Despite an initial insufficiency of factual allegation which, under the Savage rule,[1] could have sustained a summary denial of the motion and impelled affirmance of the denial, the trial judge chose to afford appellant every opportunity to prove his claim of constitutional right and set the matter down for hearing. Doubtlessly recognizing the potential difficulties a layman might encounter in proving a claim which might be deemed simple and uncomplex to those trained in the law and irrespective of the fact that the proceeding, although clearly involving imprisonment under criminal law, was “civil” in nature, the trial judge appointed an attorney to assist appellant at the hearing and granted appellant every indulgence in the matter of amendment to his motion and continuance to secure witnesses. In fine, it is indeed to the credit of the trial judge that he “forthrightly and realistically proceeded to meet [his] judicial responsibility]” [2] in disposing of a claim of constitutional right.
Turning to the essential issue with respect to the validity of the findings upon which the appealed order was predicated, attention should first be directed to the record of the arraignment. This brief minute entry recites:
“The above named defendant appeared before the bar in open court and after being advised by the court that he ivas entitled to counsel, trial by *46 a jury, that a plea of guilty would be an admission of the truth of the facts alleged in the amended information, zvas asked by the court if he was rcpre-sented by counsel to which he replied that he was not.’1 (Emphasis added.)
Significantly, this record contains no reference to indigency and is devoid of indication that inquiry as to appellant’s ability to retain counsel was made. In fact, uncon-tradicted evidence adduced at the hearing and the consequent finding in the appealed order both indicate that the matter of in-digency was not raised by the appellant nor was it the subject of inquiry by the court at the time of arraignment. Accordingly, the entire evidentiary base for one of the challenged findings, the determination that appellant was not indigent at the time of arraignment, is found in the evidence on point adduced at the hearing.
 Noting that the State’s brief does not contravene the appellant’s argument that the evidence does not support a finding of non-indigency, we nonetheless have assiduously studied the transcript of the hearings and, while mindful of the presumption of correctness attributable to the finding, are constrained to conclude that it cannot be supported on the evidence made. In fairness to the trial judge, it should be observed that this issue was obscured somewhat by appellant’s unfortunate and unfounded urgings of another claim, the resolution of which absorbed much of the court’s time.[3]
On the record the testimony of appellant and members of his family that he was destitute and without funds or assets to employ counsel is uncontradicted. There is evidence that appellant was employed pri- or to arrest and evidence that his wife owned certain personal property and had, in fact, secured bond for appellant, but this, evidence of a wife’s potential affluence and appellant’s former employment does not contradict or overcome the direct testimony of insolvency. See Keur v. State, Fla.App.1963, 160 So.2d 546.
\
Conceding, as the record indicates, that appellant was not, in fact, represented by counsel at arraignment and sentencing, and conceding, as the proofs impel, that appellant was indigent at those times, relief under a theory of denial of the right to counsel was nonetheless precluded by the lower court’s finding that appellant waived the-right to counsel. See e. g. King v. State, Fla.App.1963, 157 So.2d 440. Accordingly,, it is to the affirmative finding of waiver of the right to counsel that appellant’s challenge and our attention is primarily directed.
The evidence offered by appellant in-support of his contention that he did not waive the right to counsel consists of his. own testimony that he was unaware of the-right to appointed counsel; that a jailor informed him that he could get a lawyer only if he could afford one; that the court never advised him of the right to appointed counsel ; and that he was never offered the services of counsel. In answer, the State offered the recitations of the original record,, heretofore quoted, as proof that appellant had, in fact, been advised of the .right to' counsel. In addition, and/or as an alternative, the State sought to prove that appellant’s sister (a co-defendant) had retained', counsel to represent her and the appellant and, advised of this, appellant rejected the services of retained counsel.
Examination of the testimony of appellant’s sister and the attorney retained by her-reveals, in essence, the following facts. Appellant’s sister retained James Parham, am *47 attorney, to represent her and Billy Brown, a third co-defendant. Apparently, at her request, Parham agreed to represent appellant if appellant asked him to do so, if appellant pleaded guilty and if no conflict of interest between appellant and his sister arose. Parham never talked with appellant about this matter. Subsequently, appellant’s sister informed Parham that appellant did not want Parham’s services. Parham’s testimony indicated that some hostility developed between appellant and his sister.
On the critical issue as to appellant’s knowledge of the availability of Parham’s services, appellant testified that his sister did not indicate to him that she had retained an attorney for him. Parham testified that his knowledge of appellant’s refusal of his services was through the sister. Appellant’s sister testified that she never asked appellant if he wanted Parham as counsel. Finally, both Parham and appellant’s brother-in-law testified that mutual distrust and hostility existed between appellant and his sister.
Resolving any conflict in the testimony in favor of the State’s position, the resulting facts indicate that appellant, hostile to and convinced that his sister was attempting to “frame” him, was offered the services of a lawyer retained by and representing her, on condition that he plead guilty. Under those circumstances, his alleged rejection of this offer can scarcely be viewed as a waiver of the right of any representation in the felony prosecution. Waiver of the right to counsel, if it is to be found, must exist in circumstances other than those involving the offer of Parham’s services.
Effective waiver of the right to counsel must be the intentional relinquishment of a known right to counsel. E. g. King v. State, supra. Waiver may be express or may be implicit in the circumstances, including a knowledge of the right to counsel, involved in the cause. In the instant cause, neither the record of the original proceeding nor testimony received during the hearing suggests that appellant expressly waived counsel, rather, as the appealed order indicates, the waiver was deemed implicit in appellant’s failure to apprise the court of his indigency or to request appointed counsel. Necessarily, this assumes a knowledge of the right to counsel. Accordingly, the crucial and determinative factor is whether, during the original proceedings, appellant was advised or had independent knowledge of his right, as an indigent, to the services of appointed counsel.
This cause reaches us with a presumption of correctness attendant to the implicit finding that appellant knew of his right to counsel. In the proceedings on the motion in the lower court the fact of his knowledge of the right to counsel — as an element of the fact of intelligent waiver— was presumed, as an incident of the presumption of regularity which attached to the original proceeding and as an apparently operative presumption of fact arising from the record.[4] Accordingly, appellant, as petitioner below, bore the burden of rebutting these presumptions by a preponderance of the evidence. As appellant here, he must affirmatively show that he sustained that burden. See e. g. King v. State, supra.
The evidence upon which the petitioner relies as indicative of the absence of knowledge of the right to counsel and, accordingly, as preclusive of effective waiver, is that adduced from his testimony. The crux of this testimony, discussed earlier, is that he was unaware of any right to appointed counsel, that he was informed by a *48 person of apparent authority that he must retain counsel and that the court never advised him to the contrary. Testimony adduced at the hearing indicates that at the time of arraignment appellant was twenty-five (25) years of age and had a ninth grade education. The record is silent as to any prior experience in State criminal courts, although appellant apparently had been tried by a court martial and had the assistance of appointed counsel at that trial.
In rebuttal to this evidence, the State offered the record, heretofore quoted, that appellant had been advised of the right to counsel at arraignment. It was necessarily upon this evidence[5] that the lower court concluded that appellant waived a “known” right. Upon consideration, we conclude that the court erred in this respect and must reverse the order denying relief.
Our conclusion that the State’s evidence was insufficient to rebut the case made by appellant, itself a prima facie case for relief, is grounded in the fact that the record entry was ambiguous and, despite the burden of proof imposed on appellant, insufficient to overcome his unambiguous testimony. Just as “waiver” cannot be presumed from a silent record, neither can it be found, in the face of unambiguous contrary proof, in an ambiguous record.
The ambiguity of the record is manifest in the entry that appellant was advised that he was “entitled to counsel. * * * ” This record was made at an arraignment in 1960, at which time the “right to counsel” as recognized in this State, was the right to be represented by counsel of a defendant’s own procurement or, in certain circumstances, by appointed counsel. E. g. Cash v. Culver, Fla.1960, 122 So.2d 179. Accordingly, the colloquy reflected in the minute entry could merely have been concerned with appellant’s right to retain counsel. Admittedly, it might have been concerned with the right to appointed counsel, but the fact of these two possible inferences mitigates the probative force of the record entry and, in terms of ultimate effect, renders it valueless.
It is essential, at this point, to point out that our rejection of the value of the record on the grounds that it is susceptible to conflicting inferences does not deprive the trial judge of the unique right to resolve conflicting evidence. Rather, it merely precludes the use, in effect, of an inference upon an inference to create a conflict. In order to conclude that the record entry contradicts appellant’s testimony that he was not advised of his right to counsel, it is necessary to first infer that the ambiguous language indicates advice as to the right to appointed counsel and then to use this inference as the basis of a presumption of fact that the matters reflected in the record did, in fact, occur.
The latter process, presuming that the record reflects the facts, is, of course, proper. But the facts so reflected must be unambiguous. When, as in this case, these facts are as, if not more, susceptible to an inference consistent with appellant’s testimony, they cannot be accorded prevailing probative force to the contrary.
Having determined that the evidence is insufficient to support the findings upon which the appealed order is based and that the court erred in not granting appellant’s motion, we reverse and remand the cause for entry of an appropriate order vacating the conviction and sentence of March 17, 1960, and remanding the appellant to custody for any further proceedings with respect to the crime therein involved and under any subsequent convictions and sentences imposed for other crimes.
Reversed and remanded with directions.
SMITH, C. J., and SHANNON, J., concur.

. Savage v. State, Fla.App.1963, 156 So. 2d 566. See too, Dias v. State, Fla. App.1963, 158 So.2d 766, and Turner v. State, Fla.App.1964, 161 So.2d 11.

. State v. Weeks, Fla.1964, - So.2d -. (Supreme Court of Florida, Case No. 32,875, opinion filed March 4, 1964)

. Appellant, in addition to alleging denial of counsel, alleged that he had been summarily convicted despite a plea of “not guilty.” Evidence adduced during hearing indicated that he had, in fact, pleaded guilty but had, at sentencing, indicated that one of tbe co-defendants bad not participated in tbe crime and suggested that tbe information- was bad in. this respect. This claim- was obviously without merit.

. The operation of presumptions in oases of collateral attack is discussed in the King case cited in the text. The presumption of regularity is a presumption of law which places a burden of going forward with contrary evidence upon the prisoner. On the other hand, the presumption of waiver available when the reeoi'd recites waiver is a presumption of fact. The distinction between these explains why the latter is not operative if the record is silent despite the existing presumption of regularity.

. Tlie evidence of appellant’s age, education and military experience clearly is insufficient to prove or disprove a ltnowl-edge of the right to counsel in a State criminal proceeding.