**Edward POOL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19522.**

United States Court of Appeals Ninth Circuit.

April 16, 1965.

Rehearing Denied June 1, 1965.

Russell E. Parsons, Los Angeles, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Asst. Chief, Crim. Sec., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Sec., Michael P. Balaban, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, DUNIWAY and ELY, Circuit Judges.

BARNES, Circuit Judge:

Appellant commenced his trial before a jury on four counts, two charging the concealment and two charging sale of two amounts of heroin. (21 U.S.C. § 174.) During this jury trial, the parties signed a stipulation of facts, and the case was thereafter tried by the judge. Appellant was found guilty on each count, and sentenced to ten years—five years on each count, counts three and four to run consecutively with one and two, respectively.

Two errors are alleged:

(1) There was no *valid* waiver of jury as required by Rule 23(a).

(2) The statutory presumption of § 174 created by proof of possession of heroin is unconstitutional.

The discussion in chambers, which led to the stipulation, was outside of the jury's presence; was between, and in the presence of, the judge, and the prosecutor, the defense counsel, and the defendant.

Counsel for defendant said:

> "It would be the desire of the defendant at this time to waive his right to trial by jury and to submit the matter on a stipulated set of facts * * *."

Government counsel:

> "Your Honor, the Government will not consent to the waiver of the jury until the stipulation is drafted and signed."

Counsel for defendant:

> "At which point the waiver will then be effective * * *." (R.T. 97)

Appellant heard this. His counsel said it in his presence. Thereafter both appellant and his counsel signed the stipulation. Appellant's act of placing his own signature on the stipulation of fact under the circumstances here present constituted a written manifestation of his intent to waive his right to a jury trial. It was not on or in the usual form, but the consent was fully evident in writing.

As government counsel states, such an interpretation fulfills not only the spirit of Rule 23(a) in guaranteeing a free and intelligent waiver, but also fulfills the letter of the rule by providing written evidence of that intent. In protecting any defendant's constitutional rights we do, and should, look beyond

form to substance. We should do no less in protecting the public's rights.

Appellant does not now and has never urged either that he failed to consent, or that his consent was not freely and intelligently exercised. He urges, *at most*, a technical non-compliance. This, *at most*, is harmless error or *damnum absque injuria*.

■ The concern of society in creating the rule is to insure a greater probability of a defendant understanding what he is doing, if and when he waives his right to trial by jury, by requiring the waiver to be in writing. Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930); Horne v. United States, 264 F.2d 40 (5th Cir.), cert. den. 360 U.S. 934, 79 S.Ct. 1460, 3 L.Ed.2d 1549 (1959).

We hold there was a valid written waiver.

■ Appellant's second alleged error of insufficiency of the evidence is based on the validity of the statutory presumption contained in 21 U.S.C. § 174. We have repeatedly followed the Supreme Court in holding it constitutional, particularly with respect to opium derivatives. Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925); Agobian v. United States, 323 F.2d 693 (9th Cir. 1963), cert. den. 375 U.S. 985, 84 S.Ct. 517, 11 L.Ed.2d 472 (1964); Cellino v. United States, 276 F.2d 941 (9th Cir. 1960).

Additionally, in the stipulation of facts it is stipulated the appellant was asked if he got these particular narcotics in Mexico, and he answered that he had. There thus was evidence, which if believed, made reliance on the presumption unnecessary.

Affirmed.