**Eddie POOL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22485.**

United States Court of Appeals
Ninth Circuit.

Dec. 20, 1968.

Rehearing Denied Jan. 16, 1969.

Eddie Pool, Tamal, Cal., for appellant.

Wm. M. Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., Ronald S. Morrow, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before JERTBERG, BROWNING and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellant was tried to the court on a stipulation of facts and convicted of violations of 21 U.S.C. § 174. We affirmed the conviction on appeal. Pool v. United States, 344 F.2d 943 (9th Cir. 1965). Appellant filed a petition under 28 U.S.C. § 2255, which the district court dismissed without an evidentiary hearing.

Our prior opinion disposes of appellant's contention that his waiver of a jury was invalid under Federal Rules of Criminal Procedure 23(a) because not "in writing," and we agree with the district court that appellant's challenge to the validity of the judgment based upon a one-month delay between arrest and indictment was without merit.

All of the remaining grounds for relief asserted in appellant's petition rest ultimately upon his assertion that he did not knowingly and voluntarily relinquish his right to a jury trial, to the confrontation and cross-examination of witnesses, and to the exclusion from use against him of matter obtained in violation of the Fourth and Fifth Amendments.

Contrary to the district court's apparent holding, an accused's voluntary intoxication may prevent a finding of the requisite waiver. See Gladden v. Unsworth, 396 F.2d 373, 380–381 (9th Cir. 1968). We think appellant's allegations regarding the circumstances surrounding the signing of the stipulation of facts and its use *in lieu* of testimony require an evidentiary hearing to determine whether appellant knew of his rights and intentionally relinquished them. Cf. Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966).

Reversed and remanded.