PER CURIAM.
Appellant seeks review of his conviction and sentence to life imprisonment in the State penitentiary, entered by the trial court following a jury verdict finding the appellant guilty of robbery.
On January 25, 1970, the Holiday Inn Motel in Key West was held up and robbed of about $700.00. The victims described the robber as a large negro male, weighing about 280 or 300 pounds and standing six feet six inches or six feet eight inches tall. *209 At about 2:30 A.M. on January 26, 1970, the appellant and two others were apprehended in the North Key Largo area. A few days later, the appellant and the other men were taken to Key West, where they were viewed in an allegedly improper lineup without notice or advice or presence of counsel by two of the victims. A preliminary hearing was held on February 10, 1970, at which time the appellant had not been afforded counsel and, as a result of said hearing, he was bound over for trial on a charge of robbery. On April 9, 1970, the appellant was brought before the trial court for arraignment purposes only. At that time, he pleaded not guilty, requested-a jury trial, and the trial court granted thirty days in which to file motions.
The appellant was first tried in June of 1970, which trial resulted in a mistrial. No motions were filed on behalf of the appellant prior to the first trial; however on July 31, 1970 the appellant’s counsel moved, for the first time, for a statement of particulars and for inspection of all evidence favorable to the defense and to disqualify the County Solicitor. Two days before trial, the trial court disqualified the County Solicitor and appointed Richard L. Mensh, Acting County Solicitor. Mensh was sworn in on August 13, 1970, the morning of the second trial. During this period, the appellant’s counsel was never provided with the aforementioned requested information. The cause proceeded to trial. The appellant testified on his own behalf, denying he ever admitted to anyone he committed the robbery. The State called Sgt. Harry Sawyer as a rebuttal witness who testified, over objection, to statements made by the appellant pertaining to the crime. The jury returned a guilty verdict and the judgment and sentence appealed was entered pursuant to that verdict. The appellant has preserved several points for review, among which were an improper lineup identification by certain of the State’s witnesses and improper identification by a witness at the time of the preliminary hearing, a failure to permit adequate discovery, alleged error in permitting rebuttal testimony, and failing to hear oral argument on the motion for new trial.
As to the alleged improper lineup and prejudicial matters at the preliminary hearing, we find this point not to be well taken in light of the fact that there were other witnesses who identified the appellant as the perpetrator of the crime. Avis v. State, Fla.App.1969, 221 So.2d 235; Solloa v. State, Fla.App.1969, 227 So.2d 217; Grech v. State, Fla.App.1971, 243 So.2d 216; § 924.33, Fla.Stat., F.S.A.
As to the question of discovery, it does not appear that the trial judge abused any discretion in this regard nor that any proper motions were made to compel performance. Richardson v. State, Fla.1971, 246 So.2d 771; State v. Gillespie, Fla.App.1969, 227 So.2d 550; Ginsberg v. United States, 5th Cir. 1958, 257 F.2d 950.
As to the alleged improper rebuttal testimony, it was within the power of the trial judge to permit same. Kirkland v. State, 86 Fla. 64, 97 So. 502; Barkley v. State, 152 Fla. 147, 10 So.2d 922; Johnson v. United States, 5th Cir. 1953, 207 F.2d 314; Dickerson v. State, Okl.Cr.1966, 422 P.2d 213. A witness for the State made an improper response to a question which, upon appropriate motion by defense counsel, was stricken and the jury admonished to disregard it, which is in accordance with the applicable decisions as to trial conduct. Ortiz v. State, 30 Fla. 256, 11 So. 611; Robertson v. State, 94 Fla. 770, 114 So. 534; Kelly v. State, Fla.App.1967, 202 So.2d 901. Examining the evidence in its totality does not indicate that the response was of sufficient prejudicial nature to vitiate the entire trial. Perry v. State, 146 Fla. 187, 200 So. 525; Feldman v. State, Fla.App.1967, 194 So.2d 48; Garcia v. State, Fla.App.1967, 204 So.2d 340.
As to the failure to grant a hearing on the motion for new trial before denying same, the Supreme Court of Flori *210 da held, in Tibbits v. State, 146 Fla. 69, 200 So. 373, that this does not constitute error.
Therefore, for the reasons above stated, the verdict, adjudication and sentence here under review be and the same are hereby affirmed.
Affirmed.