258 So.2d 283 (1972)
Robert QUARTZ, a/k/a Edward Forcer, Appellant,
v.
The STATE of Florida, Appellee.
No. 71-436.
District Court of Appeal of Florida, Third District.
February 15, 1972.
Rehearing Denied March 15, 1972.
Carr & Emory, Miami, for appellant.
*284 Robert L. Shevin, Atty. Gen., Joel D. Rosenblatt, Asst. Atty. Gen., and Edward D. Gewirtz, Legal Intern, for appellee.
Before SWANN, C.J., and PEARSON and BARKDULL, JJ.
SWANN, Chief Judge.
Robert Quartz, a/k/a Edward Forcer, appeals from his judgment of conviction for the crime of possession of a narcotic drug and for the sale of such drug.
He claims the court committed reversible error when it did not interrogate him as to whether he had intelligently and knowingly waived his right to a jury trial. He relies upon Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930); Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record shows the defendant signed the information on which was stamped "waived trial by jury with approval of court and consent of state" and that oral waiver of trial by jury was made by private counsel for defendant. Defendant concedes these facts but contends this is not sufficient to show an intelligent waiver by a defendant who understood his rights.
The state relies on Rule 3.260 CrPR, 33 F.S.A., which states:
"Defendant may, in writing, waive a jury trial with the approval of the court and the consent of the state;"
and on State v. Garcia, Fla. 1969, 229 So.2d 236, where the Supreme Court said:
"Inherent in the privilege of a jury trial constitutionally preserved for the defendant is the right to waive it. By his waiver of a jury, when understandably made, the defendant foregoes the participation in his trial of an instrumentality provided for his protection and the court, constitutionally created and vested with jurisdiction of the matter of the cause from its inception, will hear and determine it... . The waiver of a jury trial is a procedural matter, and Rule 1.260 CrPR sets forth the manner in which this is accomplished." p. 238
We don't think Garcia answers the point or that the authorities relied on by defendant mandate reversal.
The better view in our opinion is that set forth in United States v. Hunt, 4th Cir.1969, 413 F.2d 983 and Pool v. United States, 9th Cir.1965, 344 F.2d 943. Hunt, supra, held in summary that when a defendant advises a district court judge that he desires to waive his right to a jury trial it is a better practice for the judge to interrogate the defendant so as to satisfy himself that the defendant is fully apprised of his rights and freely and voluntarily desires to relinquish them. However, the execution of a written waiver of jury trial in open court by the defendant will constitute full compliance with the rule and no grounds for reversal will result from the judge's failure to interrogate the defendant concerning the voluntariness of the waiver.
Pool, supra, says in essence, that a jury trial is sufficiently waived when the defendant signs a written waiver with knowledge of its content and effect. Any inadequacy as to such a waiver is at best formal or harmless error.
On these authorities we find defendant has failed to demonstrate reversible error under this point.
Defendant also seeks reversal because the trial court denied his motion for a new trial. He argues on appeal that the judge denied him the right to make a motion for a new trial and avers this is error under Rule 1.590(b) CrPR, 33 F.S.A. The record does not sustain this contention but does reflect the trial court denied the motion for new trial which was requested orally. Defendant's private counsel did not set forth any grounds in the oral motion for new trial; he did not proffer any grounds for a new trial and he did not file a written motion setting forth any grounds *285 for a new trial within four days after the verdict. See Rules 3.590 and 3.600 CrPR.
In Tibbits v. State, 146 Fla. 69, 200 So. 373 (1941), the question before the court was the same as in the instant case but that appeal was based on a prior but similar provision of the criminal procedure act which was in effect at that time. The Supreme Court, in affirming a conviction of the defendant therein, stated:
"We find no provision that requires the trial court to hear arguments of counsel on the motion for a new trial."
This court followed that ruling in Johnson v. State, Fla.App. 1971, 248 So.2d 208. We hold there was no error in the trial court's ruling under the authority of Tibbits and Johnson, supra.
In addition, we cannot hold the trial court in error for denying a motion for new trial where no grounds are presented by the defendant's motion to the trial court. See Silver v. State, Fla. 1966, 188 So.2d 300 and Shea v. State, Fla.App. 1964, 167 So.2d 767.
For the reasons herein stated, the final judgment herein appealed is
Affirmed.