390 So.2d 147 (1980)
Luis VIGGIANI, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-711.
District Court of Appeal of Florida, Third District.
November 12, 1980.
Schreiber, Lechtman, Certo & Steinberg and Michael Lechtman, North Miami Beach, for appellant.
Jim Smith, Atty. Gen. and James H. Greason, Asst. Atty. Gen., for appellee.
Before HENDRY, SCHWARTZ and NESBITT, JJ.
NESBITT, Judge.
After a non-jury trial, Viggiani was convicted of aggravated battery, aggravated assault, and unlawful possession of a weapon in connection with both.
The question before us is whether Viggiani effectively waived his right to trial by jury. Finding that he did not, we reverse and remand for a new trial.
From the record, we find that a stamp purporting to waive the right to trial by jury had been impressed upon the face of the original information containing a signature block which Viggiani allegedly signed. The record is otherwise silent as to what, if anything, prompted Viggiani to *148 sign the waiver. The state attempts to support the judgment by reference to the transcript where, at the commencement of the trial, counsel were called to the case as a "non-jury case" and defense counsel did not voice objections or make any attempt to claim Viggiani's entitlement to a jury trial. We reject such an argument in that the proper test is whether the defendant intelligently, freely, and voluntarily waived his right to trial by jury at the time he affixed his signature to the information. Durcan v. State, 383 So.2d 248 (Fla.3d DCA 1980) (see also opinion of Baskin, J. dissenting on other grounds); Tosta v. State, 352 So.2d 526 (Fla.4th DCA 1977), cert. denied, 366 So.2d 885 (Fla. 1978); Molfetas v. State, 323 So.2d 598 (Fla.3d DCA 1975). The showing presented in this case is not sufficient to demonstrate an effective waiver of a constitutionally guaranteed right. Art. I, § 22, Fla. Const.
Florida Rule of Criminal Procedure 3.260 provides that: "[a] defendant may in writing waive a jury trial with the consent of the State." In State v. Garcia, 229 So.2d 236 (Fla. 1969), the Supreme Court, in construing a predecessor rule, held that the rule, being procedural in nature, preempted any statutory scheme governing the waiver of trial by jury. The problem is that the rule does not prescribe the manner and means of procuring the written waiver. However, in nearly all of the cases decided following State v. Garcia, supra, the minimal common denominator, which has been held sufficient to constitute a valid and effective waiver, was the defendant's signature accomplished in open court and incorporated either in the transcript of the proceedings or otherwise made part of the record. Russell v. State, 342 So.2d 96 (Fla.3d DCA 1977); Kinser v. State, 291 So.2d 80 (Fla.3d DCA), cert. denied, 297 So.2d 832 (Fla. 1974), cert. denied, 420 U.S. 972, 95 S.Ct. 1393, 43 L.Ed.2d 652 (1975); Quartz v. State, 258 So.2d 283 (Fla.3d DCA), cert. denied, 263 So.2d 825 (Fla. 1972).
In Quartz v. State, supra, we acknowledged the better practice was for the trial court to interrogate a defendant so as to satisfy itself that the defendant was fully apprised as to his entitlement to a jury trial and to ensure that the right was intelligently and voluntarily relinquished. We agree with that observation but also observe that such interrogation or colloquy may be conducted by the state attorney or defense counsel in open court.
The defendant's judgment of conviction is reversed and remanded for a new trial.