DANIEL S. PEARSON, Judge,
concurring.
The record reflects that the information was stamped “Waived Trial by Jury With Approval of Court and Consent of State,”[1] below which words appeared the signature “Willie R. Washington, Jr.” The record is otherwise silent as to what prompted Washington to sign the waiver. Thus, the present case is indistinguishable from Viggiani v. State, 390 So.2d 147 (Fla. 3d DCA 1980), the impact of which, in my view, *523 cannot be avoided by the majority’s statement that notwithstanding the rule of Vig-giani, “it is clear that the defendant’s constitutional rights were fully protected.” The Viggiani rule itself is that the defendant’s constitutional right to trial by jury is not fully protected by the stamped and signed waiver without more.
However, since I believe Viggiani was wrongly decided, I agree with the majority to affirm.
In my view, Viggiani overlooked the proposition that proceedings are presumed to be conducted with regularity and that the trial court discharged its responsibility according to the law and in good faith. Vaccaro v. State, 152 Fla. 123, 11 So.2d 186 (1943); Wilson v. State, 164 So.2d 43 (Fla.2d DCA 1964); Reese v. Wainwright, 600 F.2d 1085 (5th Cir. 1979).
“... The presumption of regularity is a presumption of law which places a burden of going forward with contrary evidence upon the prisoner. On the other hand, the presumption of waiver available when the record recites waiver is a presumption of fact. The distinction between these explains why the latter is not operative if the record is silent despite the existing presumption of regularity.” Wilson v. State, supra, 164 So.2d at 47 n. 4 (emphasis supplied).
Here the record recites waiver. That recitation, given the presumption of regularity, carries with it that the defendant was in court, there executed the written waiver, and did so knowingly, intelligently, and voluntarily. We do not, in other words, begin with a silent record and presume waiver; instead, we begin with evidence that a jury trial was waived, which is sufficient to show that it was properly waived, if the propriety of the waiver, as in the present case, is uncontradicted, and, moreover, not even challenged.

. The waiver was under former Rule 3.260, Florida Rules of Criminal Procedure, which required the express approval of the court.