ON REHEARING
PER CURIAM.
These consolidated appeals arise from appellant’s conviction of petit theft after a non-jury trial. The only point raised by Washington which merits discussion is his claim that the record does not reflect that he effectively waived his right to trial by jury.
When this case was first briefed and argued, the record on appeal showed only that the information was stamped “Waived Trial by Jury With Approval of Court and Consent of State,” below which words appeared the signature “Willie R. Washington, Jr.” Since the record was otherwise silent as to what prompted Washington to sign the waiver, the concern of this court’s first opinion and a concurring opinion was the possible impact of Viggiani v. State, 390 So.2d 147 (Fla. 3d DCA 1980).
It was not until a rehearing en banc was granted that the State decided that it was appropriate to request that the record on appeal be supplemented and thereafter filed a transcript of a court proceeding which showed that Washington in open court, after discussion with and upon advice of counsel, waived his right to trial by jury and placed his signature below the waiver stamp on the information. We accordingly find that the error asserted by Washington is totally without merit.
We conclude by expressing our displeasure with the conduct of counsel on appeal. The transcript of the proceedings at which Washington waived trial by jury was available upon request at all times and could have been obtained and made part of the record with only the slightest effort. Yet Washington’s counsel, for his part, briefed and argued the case as if no such court proceeding had occurred. The Assistant Attorney General, for his part, took the position (at least until it became apparent to him when rehearing en banc was granted that in light of Viggiani, there was a serious question whether affirmance of the conviction should stand) that it was not his obligation to furnish this transcript to the court. Indeed, until the record was supplemented, we were never informed that a hearing had taken place and that a transcript existed. Meanwhile, members of this court devoted considerable judicial labor in *524 writing an opinion, a concurring opinion, considering and voting upon the petition for rehearing en banc, preparing for and hearing a totally unwarranted en banc argument, and, finally, issuing this opinion on rehearing.
Affirmed.