## McGINLEY v. STATE OF FLORIDA
### Case No. 81-194-AC
Eleventh Judicial Circuit, Dade County, Appellate Division
March 12, 1982

Bennett H. Brummer, Public Defender, Robin H. Green, Asst. Public Defender, for appellant.

Jim Smith, Attorney General, Theda R. James, Asst. Attorney General, for appellee.

Before DURANT, GOLDMAN, SMITH, JJ.

PER CURIAM.

Defendant appeals his conviction and 60 day sentence for petit theft imposed following a non-jury trial at which defendant represented himself. We reverse, finding defendant's presumed waiver of his right to counsel and to a jury trial, made after inadequate advice and warning by the trial court, was not voluntary and intelligent.

The only colloquy regarding defendant's right to counsel took place immediately prior to trial.[1]

> THE COURT: Do you have any money to hire an attorney?
>
> THE DEFENDANT: Sure. I don't need an attorney, Your Honor.
>
> THE COURT: You are entitled to one. You may waive that right if you want to do so. You want to waive your right to an attorney and have the case tried, but I forewarn you in advance that, if you are found guilty, you will be sentenced to additional time in jail, so maybe you ought to talk to an attorney.
>
> MR. DAVIS: The state would point out that at arraignment for this particular defendant on October 17, 1980, he was denied to qualification [sic] as to a Public Defender. He has had an opportunity to seek a lawyer during the interim, and he has not, and he has stated here in open court that he is ready to go forward.
>
> THE COURT: He was advised to get an attorney. He is not qualified.
>
> Okay, sir. Swear the witnesses.

---

[1] At the arraignment two weeks earlier, the court merely recommended defendant hire an attorney and made superficial inquiry into defendant's financial status, concluding defendant did not qualify for the services of the public defender.

> THE COURT: Are you employed, sir?
>
> THE DEFENDANT: Yes
>
> THE COURT: I recommend you hire an attorney, because if you are convicted of this charge, you can receive up to sixty days in jail or a fine of $500 or both.
>
> THE DEFENDANT: The other Judge I talked to said he would appoint me a public defender.
>
> THE COURT: Are you working?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Where are you working?
>
> THE DEFENDANT: A plumbing company.
>
> THE COURT: How much do you earn?
>
> THE DEFENDANT: Right now, I am an apprentice. I find out today. Today is my first paycheck. Four or five dollars an hour.
>
> THE COURT: How many hours a week are you working?
>
> THE DEFENDANT: Probably forty.
>
> THE COURT: You are not eligible for a public defender. You have to retain an attorney.
>
> You will find many attorneys will work with you. In other words, you can pay them over a period of time.

This is not the "thorough inquiry" into the accused's comprehension of the meaning of waiving counsel mandated by Florida Rules of Criminal Procedure 3.111(d).[2]

There was no showing that defendant had the education or experience to knowingly and intelligently waive his right to counsel. Indicative of defendant's lack of awareness of the implications of proceeding without counsel was his obvious frustration and confusion while attempting to impeach the alleged victim.

> THE DEFENDANT: Your honor, I would like to get an attorney if possible.
> THE COURT: We are already into your trial. You said you did not need an attorney.
> THE DEFENDANT: Yes, but if I have a witness who is not going to tell the truth, I need an attorney.
> THE COURT: I will determine who is telling the truth. Call your next witness.

The trial court's failure to explain to defendant the consequences of proceeding without counsel would, in itself, require reversal. The harm was further exacerbated by the court's inadequate inquiry into defendant's waiver of trial by jury. At the arraignment, immediately following the Court's advice to obtain a lawyer, the following colloquy took place:

> THE COURT: Do you want to be heard by me or by a jury?
> THE DEFENDANT: I will take you.

The subsequent execution by defendant of a written waiver of jury trial cannot transform the court's procedure into a legally sufficient inquiry, nor render defendant's waiver knowing and intelligent. See *Viggiani v. State,* 390 So.2d 147 (Fla. 3d DCA 1980).

The trial court failed to provide defendant with information upon which a knowing waiver of jury trial could be predicated. See *Enrique*

---

[2]Rule 3.111(d)

> (2) A defendant shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into accused's comprehension of that offer and his capacity to make that choice intelligently and understandingly has been made.

> (3) No waiver shall be accepted where it appears that the defendant is unable to make an intelligent and understanding choice because of his mental condition, age, education, experience, the nature or complexity of the case, or other factors.

*v. State,* \_\_\_\_ So.2d \_\_\_\_ (Fla. 3d DCA 1981) Case No. 80-914, opinion filed December 22, 1981, for a discussion of the minimal information required to support an intelligent waiver of jury trial.[3]

Reversed and remanded for a new trial.

---

[3]We note that defendant, McGinley, did not specifically challenge the court's determination that he did not qualify for the services of the public defender and we do not address that issue here.