## MARINE v. STATE OF FLORIDA
### Case No. 81-084-AC
Eleventh Judicial Circuit, Appellate Division, Dade County
May 19, 1982

Joseph H. Kelinson, for appellant.

Jim Smith, Attorney General and Alan T. Lipson, Assistant Attorney General, for appellee.

Before KORVICK, SALMON, HENDERSON

PER CURIAM

Appellant appeals from his conviction for larceny of electricity from Florida Power and Light Company. We reverse on the basis that appellant's waiver of his right to a jury trial was not shown to have been knowingly and voluntarily made.

On February 9, 1981, appellant was charged by information with the misdemeanor of "trespass and larceny with relation to a utility" in violation of Section 812.14, Florida Statutes (1981) R1.

At his arraignment on February 26, 1981, appellant appeared without counsel and entered a plea of not guilty. The court questioned him regarding his qualifications for appointment of a public defender, concluded that he was not entitled to an appointment and advised appellant that he could represent himself or could obtain counsel. The court then asked the appellant this question: "Do you want to be heard by me or by a jury?" Appellant responded: "by you" (T.3.). The appellant signed a waiver of his right to jury, but nothing else appears in the record regarding his waiver of trial by jury.

On March 18, 1981, this case was called for trial; the appellant announced that he would represent himself, and he signed a statement that he had been advised of his right to an attorney and waived that right. The case was not tried that day. A continuance, chargeable to the state, was granted.

On April 7, 1981, the case again was called for trial. The court again advised appellant that he should retain an attorney. The appellant declined, advised the court that he would represent himself, and proceeded to trial.

No inquiry was made by the court at either the March 18 or April 7 proceedings with respect to appellant's financial ability to obtain counsel.

At the conclusion of the testimony, the court found and adjudicated the appellant guilty, sentenced him to a seventy-five day term of imprisonment and imposed upon him a fine of $1,000.00. The court, in imposing the sentence, noted the extreme seriousness of the charged offense.

Appellant argues that the trial court erred in allowing him to waive his constitutional right to a jury trial without conducting an inquiry into whether appellant made a knowing and intelligent waiver thereof. We reverse, finding the appellant's waiver of his right to jury trial was not shown to be knowingly and intelligently made. *Enrique v. State*, 408 So.2d 635 (Fla. 3d DCA 1982).

Appellant has a constitutional right to trial by jury. Article III, Section 2, United States Constitution; Article 1, Section 22, Florida Constitution; *Duncan v. Louisiana*, 391 U.S. 145 (1968). Inherent in an accused's person's right to a jury trial, is the right to waive such right. *State v. Garcia*, 229 So.2d 236 (Fla. 1969); *Tosta v. State*, 352 So.2d 526 (Fla. 3d DCA 1977). As in the case of any waiver, a waiver of a trial by jury must be shown to have been knowingly and intelligently made. *Enrique v. State*, supra; *Vigianni v. State*, 390 So.2d 147 (Fla. 3d DCA 1980), rev. den. 401 So.2d 613 (Fla. 1981). The manner by which waiver may be accomplished is set out in F.R.Crim.P. 3.260 which provides

that a defendant may "in writing waive jury trial with the consent of the state". In *Sessums v. State*, 404 So.2d 1074 (Fla. 3d DCA 1981) the court held that under Florida law a waiver will be effective when there is consent of the parties and a defendant has either signed a written waiver in court which is made part of the record or has previously signed a waiver which is made part of the record and, in addition, either personally or through his counsel orally waivers a jury trial in open court". Id at 1076. See also *Quartz v. State*, 258 So.2d 283 (Fla. 3d DCA 1971), cert. denied, 263 So.2d 825 (Fla. 1971). It has been held that the existence of a written waiver does not ipso facto demonstrate that a defendant freely and intelligently waives his right to jury trial. *Enrique*, supra; *Vigianni*, supra.

Various cases have suggested that when a defendant advises the court that he desires to waive his right to jury trial, it is better practice for the court to interrogate the defendant so as to satisfy itself that the defendant is fully apprised of his rights and freely and voluntarily desires to relinquish them. *Quartz v. State*, supra, *Sessums v. State*, supra, *Enrique v. State*, supra, *Vigianna v. State*, supra. In *Mines v. State*, 390 So.2d 332, 336 (Fla. 1980), the court found that the defendant's waiver of jury trial to be voluntary. In that case, "the trial court made full inquiry of the appellant in open court" and "did everything possible to make sure that appellant knew the consequences of his waiver of the right to a jury trial". Such is not the case at present. Here, the trial court merely asked the appellant if he wished to be heard by the court or by a jury. As was the case in *Enrique*, supra, there is not the slightest indication that appellant was possessed of any more information regarding the meaning of a jury trial than was provided to him by the court. For example, the meager information that he could participate in the selection of a jury. Without such minimal information, appellant could not possible have understood the consequences of waiving his right to a jury trial and his waiver could not have been knowingly and voluntarily made. *Enrique v. State*, supra.

We also note that an accused is entitled to counsel at every critical stage of a criminal proceeding; therefore, the trial court has a continuing responsibility to determine that a defendant who is not represented by counsel at any critical stage of a criminal proceeding is financially able to employ counsel. *Enrique v. State*, supra.

Reversed and remanded.

HENDERSON, SALMON and KORVICK, Judges, concur.