UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 17-30129 |
|---|---|
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00113-JLR-1 Western District of Washington, Seattle |
| v. | |
| SANTOS PETER MURILLO, AKA Peter Santos Murillo, | |
| Defendant-Appellant. | ORDER |

Before: FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

The memorandum disposition filed on October 23, 2018 is amended by the disposition filed concurrently with this order. With this amendment, the panel unanimously votes to deny Appellant's petition for panel rehearing. Judge Christen has voted to deny Appellant's petition for rehearing en banc, and Judges Fernandez and N.R. Smith have so recommended.

The full court has been advised of Appellants' petition for rehearing en banc, and no judge of the court has requested a vote on the petition for rehearing en banc. Fed. R. App. P. 35.

The petition for rehearing and the petition for rehearing en banc are DENIED. No further petitions for rehearing may be filed.



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SANTOS PETER MURILLO, AKA Peter
Santos Murillo,

Defendant-Appellant.

No.    17-30129

D.C. No.
2:16-cr-00113-JLR-1

AMENDED
MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted October 10, 2018
Seattle, Washington

Before:  FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

Santos Peter Murillo appeals his convictions for prohibited possession of a

firearm, possession of methamphetamine and heroin with intent to distribute, and

possession of a firearm in furtherance of drug trafficking.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. Murillo contends that the district court violated his Sixth Amendment right to a public trial when it heard his *Batson* challenge out of public view in a small room adjoining the courtroom.[1] Murillo did not raise this objection in the district court, so we review for plain error. *United States v. Rivera*, 682 F.3d 1223, 1232 (9th Cir. 2012). Assuming without deciding that the public trial right attaches to a *Batson* hearing, *see Presely v. Georgia*, 558 U.S. 209, 213 (2010) (per curiam) (holding that the Sixth Amendment applies to jury selection), we conclude that the closure that occurred here concerned a brief, non-public hearing related to juror selection. Such closures are "trivial" for purposes of the Sixth Amendment, and do not implicate the public trial right. *See United States v. Ivestor*, 316 F.3d 955, 959–60 (9th Cir. 2003). This is especially so when, as here, the hearing is short, conducted in the presence of all parties, and a contemporaneous record is made of the proceedings. *See United States v. Sherlock*, 962 F.2d 1349, 1358 (9th Cir. 1989). We do not discern any error in the district court's handling of Murillo's *Batson* challenge on this record.

2. Murillo challenges the district court's decision to allow expert opinion testimony from a law enforcement witness specializing in narcotics trafficking

---

[1] Because the parties are familiar with the facts, we recite only those necessary to resolve Murillo's appeal.

investigations.  We review challenges to properly preserved evidentiary rulings for an abuse of discretion.  *United States v. Waters*, 627 F.3d 345, 351–52 (9th Cir. 2010).  "Federal courts uniformly hold . . . that government agents or similar persons may testify as to the general practices of criminals to establish the defendants' modus operandi."  *United States v. Johnson*, 735 F.2d 1200, 1202 (9th Cir. 1984) (collecting cases).  The district court did not abuse its discretion in admitting the challenged testimony.

3.  Murillo suggests that several relatively recent Supreme Court cases are incompatible with existing Ninth Circuit precedent upholding mandatory minimum sentences under the Armed Career Criminal Act against Eighth Amendment challenges.  However, each of the Supreme Court cases he presents are categorical rulings invalidating a specific type of sentence applied to the entire class of juvenile defendants.  *See, e.g., Miller v. Alabama*, 567 U.S. 460 (2012) (holding that mandatory life sentences for juvenile offenders categorically violate the Eighth Amendment).  Indeed, the Supreme Court has gone out of its way to distinguish *as applied* challenges to statutory mandatory minimum sentences within the line of cases Murillo suggests overrule our circuit law.  *See Graham v. Florida*, 560 U.S. 48, 61–62 (2010) (distinguishing *Harmelin v. Michigan*, 501 U.S. 957 (1991) and *Ewing v. California*, 528 U.S. 11 (2003)).  We are not persuaded, therefore, that

3

intervening Supreme Court authority requires us to revisit our established law in this area. *See United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998) (rejecting as-applied challenge to a 95-year § 924(c) sentence); *see also United States v. Major*, 676 F.3d 803, 812 (9th Cir. 2012) (declining to revisit *Harris*).

4. The district court admitted nineteen identity cards seized from the vehicle Murillo was driving prior to his arrest. Murillo argues that this evidence was improperly admitted. We disagree. "Evidence of assumption of a false name following the commission of a crime is relevant as an admission 'by conduct, constituting circumstantial evidence of consciousness of guilt and hence of the fact of guilt itself.'" *United States v. Guerrero*, 756 F.2d 1342, 1347 (9th Cir. 1984) (quoting McCormick on Evidence § 271 (2d ed. 1972)). The district court did not abuse its discretion by admitting the identification cards.

5. Prior to trial, Murillo moved to suppress all evidence obtained as a result of a warrantless search of the borrowed vehicle he was driving. An officer who "is not searching for evidence against the accused, but nonetheless inadvertently comes across an incriminating object" may seize it, so long as the object's incriminating nature is "immediately apparent." *Coolidge v. New Hampshire*, 403 U.S. 443, 465–66 (1971). In this case, the officer was securing the vehicle so that it could be towed to an impound lot, when he observed the back half of a firearm

4

he immediately recognized as a MAC-10. The officer, who had military training in firearms recognition, also knew that Murillo was wanted on an arrest warrant. There was thus "[a] practical, nontechnical probability that incriminating evidence [was] involved[,]" *United States v. Stafford*, 416 F.3d 1068, 1076 (9th Cir. 2005) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)), and because the officer was not performing an otherwise unlawful search, the firearm was properly seized under the plain view doctrine. The district court did not err by denying Murillo's motion to suppress.

6. Murillo asserts that the government failed to produce sufficient evidence of his intent to distribute the drugs found in his possession. "A jury may infer the intent to distribute a controlled substance from quantity alone. . . . Moreover, '[i]t may reasonably be inferred that an armed possessor of drugs has something more in mind than mere personal use.'" *United States v. Innie*, 7 F.3d 840, 844 (9th Cir. 1993) (alteration in original) (quoting *United States v. Tarazon*, 989 F.2d 1045, 1053 (9th Cir. 1993)). The government proffered competent evidence that the quantity of drugs seized from the vehicle Murillo was driving was consistent with distribution, that the drugs had significant street value, and that Murillo was armed. This evidence was sufficient to permit a rational jury to conclude he intended to distribute. Similarly, "the proximity, accessibility, and strategic location of the

firearms in relation to the locus of the drug activities" was sufficient for a rational jury to conclude the firearms were used in furtherance of drug trafficking. *United States v. Thongsy*, 577 F.3d 1036, 1041–42 (9th Cir. 2009) (quoting *United States v. Hector*, 474 F.3d 1150, 1157 (9th Cir. 2007)).

7. Finally, Murillo argues that his jury-trial waiver as to Count 1 of the indictment, prohibited possession of a firearm by a convicted felon, was defective. We review this claim *de novo*. *United States v. Laney*, 881 F.3d 1100, 1106 (9th Cir. 2018). Our circuit precedent establishes that a stipulation of facts "fulfils the letter of [Rule 23] by providing written evidence of [the defendant's] intent [to waive his right to a jury trial]." *Pool v. United States*, 344 F.2d 943, 944 (9th Cir. 1965). Faithful application of this rule compels the conclusion that Murillo's stipulation to all facts necessary for conviction on Count 1 was a sufficient waiver of his right to a trial by jury.

**AFFIRMED.**