WALDEN, Judge.
Defendant, William Ivory, pled not guilty and was given a nonjury trial. He was found guilty and convicted of breaking and entering with intent to commit a misdemeanor and petit larceny. He appeals the conviction. We reverse.
Out of defendant’s now familiar, handwritten, prepackaged appeal papers containing a barrage of ill-founded charges of error and misconduct comes a shaft that hits the mark. Our sift discloses an assertion that he was wrongfully deprived of his right to trial by jury.
An accused has a right to trial by jury. He can waive this right. However, in order for him to effectively waive this right it must be done in open court and the fact of it must affirmatively appear from the record or transcript. The background, operation and force of this requirement was discussed in definitive fashion in Sneed v. Mayo, Fla.1953, 66 So.2d 865. We particularly adopt as a part of this opinion the expression found at page 871:
“Section 11 of the Declaration of Rights, Florida Constitution, F.S.A., declares that ‘In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury * * * It also prescribes that in all such prosecutions, the accused ‘shall be heard by himself, or counsel, or both * * * .’
“As to the provision of Section 11, Declaration of Rights, which guarantees the right of trial by jury, it has been the statutory law of this state since 1868 that in a trial for a misdemeanor a jury may be waived, provided the waiver is entered of record. Laws 1869, c. 1637, sube. 13, sec. 4. In May 1939, this Court held, in Zellers v. State, 138 Fla. 158, 189 So. 236, that even though the existing statute authorized waiver of a jury trial only in case of misdemeanors, a competent defendant accused of felony might waive his right to a trial by jury and consent to the trial of the issues by the court, provided the fact of Ms waiver was entered on the record. On October 10, 1939, the *897 Florida Criminal Procedure Act became effective. Ch. 19S54, Acts of 1939. Section 181 thereof provided that ‘In all cases except where a sentence of death may be imposed trial by jury may be waived by the defendant. Such waiver shall be made in open court and an indorsement thereof made on the indictment or information and signed by the defendant.’ Section 912.01, Florida Statutes 1951, F. S.A. (Emphasis supplied.)
“Thus, while the right of an accused to waive trial by jury in all criminal cases except death penalty cases is now firmly established in this jurisdiction, it is clear that in order for a waiver to be binding on the accused the waiver must be made in open court and the fact of the waiver must appear affirmatively either from the record proper or from the transcript of the trial proceedings. See Jones v. State, 155 Fla. 558, 20 So.2d 901.”
See also Sneed v. Mayo, Fla.1954, 69 So.2d 653.
We noticed that defendant was tried by the court and not by jury and so looked in the record for a waiver. Finding none, jurisdiction was relinquished to the trial court with a respectful request that it determine what, if anything, occurred with respect to waiver or nonwaiver of jury trial. That court made careful response. Without laboring the matter, the record is silent as to any waiver of jury trial by this defendant. The indorsement form of waiver found on the information is unsigned, and neither the transcript nor the minutes reflect a waiver. Further, it does not appear that the court officials have any independent recollection of the matter.
Since defendant was not afforded a trial by jury and the record does not reflect his waiver thereof, the judgment appealed is reversed.
SMITH, C. J., and ANDREWS, J., concur'.