### COX v. STATE.
No. 75-5981.
Circuit Court, Dade County, Criminal Appeal.
August 11, 1975.

Phillip A. Hubbart, Public Defender, Gerald D. Hubbart, Assistant Public Defender, for the appellant.

Richard E. Gerstein, State Attorney, John P. Durant, Assistant State Attorney, for the state.

WILLIAM A. HERIN, Circuit Judge.

*Opinion and judgment:* This is an appeal from a county court conviction for driving while under the influence of alcoholic beverages. This court has examined the record on appeal, the briefs, and heard argument of counsel.

The record discloses that immediately prior to trial, defense counsel requested a trial by jury. The trial court denied the request, stating that it was untimely made. In this, the trial court was in error.

In the instant case, the record is silent as to any affirmative waiver of the right by the defendant. Certainly he did not execute a written waiver pursuant to RCrP 3.260. In the absence of such a waiver, appellant's conviction must be reversed. Sneed v. Mayo, 66 So.2d 865 (Fla. 1953); Ivory v. State, 184 So.2d 896 (Fla. 4th Dist. 1966). See also Duncan v. Louisiana, 391 U.S. 145 (1968).

The right to trial by jury is a fundamental constitutional right, and the courts must indulge every reasonable presumption against waiver. Johnson v. Zerbst, 304 U.S. 485 (1938). The waiver may not be presumed from a silent record. See Carnley v. Cochran, 369 U.S. 506 (1962).

Accordingly, the conviction sub judice is reversed and the sentence is vacated. Because the defendant has fully served the sentence imposed, should the state choose to retry the defendant, it should be aware of the mandate of North Carolina v. Pearce, 395 U.S. 711 (1969).