352 So.2d 526 (1977)
Hector Francisco TOSTA, Appellant,
v.
STATE of Florida, Appellee.
No. 76-2242.
District Court of Appeal of Florida, Fourth District.
September 27, 1977.
Rehearing Denied December 20, 1977.
William E. Johnson of Parker, Conrad, Falkowski, Johnson & Owen, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, for appellee.
ALDERMAN, Chief Judge.
The defendant appeals his conviction and sentence for grand larceny. The only issue is whether there was a valid waiver of jury trial on behalf of the defendant. We find that there was not and reverse.
The following discussion occurred at the beginning of the trial:
THE COURT: Is the State ready?
MR. THOMPSON (Prosecutor): The State is prepared to go forward, Your Honor.
THE COURT: Are the defendants ready, Mr. Fath?
MR. FATH (Defense counsel): The defendants are before the Court ready for trial.
THE COURT: All right. Gentlemen, I understand it is the defendants' desire to have a non-jury trial.
MR. FATH: That is correct, Your Honor.

*527 THE COURT: Mr. Fath, I assume you have acquainted your clients with the constitutional right to a jury trial.
MR. FATH: I have, Sir.
THE COURT: All right. Mr. Thompson, do you so join in that motion with Mr. Fath?
MR. THOMPSON: Your Honor, the State would join in that motion that this would be a non-jury trial.
THE COURT: All right. I want that affirmatively reflected in the record at this time.
No inquiry was made of the defendant, nor did he sign a written waiver of his right to a jury trial.
Our Constitution provides that "the right of trial by jury shall be secure to all and remain inviolate." Article I, Section 22. An accused person is thereby assured the right of trial by jury, but inherent in the constitutional right is the right to waive it. State v. Garcia, 229 So.2d 236 (Fla. 1969). The manner by which a waiver may be accomplished is set out in Fla.R.Crim.P. 3.260: "A defendant may in writing waive a jury trial with the consent of the State." The defendant in this case did not in writing waive his right; we have only an oral waiver by defendant's counsel and the agreement of the State. Obviously this does not comply with the requirement of Rule 3.260.
Is it possible for a defendant to give a valid waiver not in writing? The court in Jones v. State, 155 Fla. 558, 20 So.2d 901 (1945), by way of dicta suggests that an oral waiver of jury trial by defense counsel, even though not made in conformity with the statute (Section 912.01, Florida Statutes 1941), is sufficient to constitute a lawful waiver. In the present case we do not say that there may never be a valid oral waiver of jury trial by a defendant. We do hold, however, under the circumstances of this case, where there was no written waiver by the defendant and nothing in the record to show the defendant's concurrence in his counsel's waiver, or that he understood what was meant by waiver of a jury trial, that there was no valid waiver. Compare: State v. Garcia, supra; Quartz v. State, 258 So.2d 283 (Fla. 3d DCA 1972); Kinser v. State, 291 So.2d 80 (Fla. 3d DCA 1974); Wallace v. State, 319 So.2d 117 (Fla. 3d DCA 1975); Harris v. State, 342 So.2d 97 (Fla. 3d DCA 1977).
REVERSED and REMANDED.
DOWNEY and LETTS, JJ., concur.