MOORE, Judge.
This is an appeal from a conviction for delivery of marijuana. Appellant had also been charged with grand larceny and conspiracy to deliver marijuana. The State entered a nolle prosequi on the grand larceny count and, after a mistrial (hung jury) as to the conspiracy count, the State entered a nolle prosequi as to that count.
We reverse the conviction for delivery of marijuana because the evidence was insufficient to sustain the conviction.
Federal authorities had seized large quantities of marijuana from two vessels. The marijuana was being stored in the Martin County jail until it could be burned. Three officers of the Martin County Sheriff’s Office — Sergeant John Roberts, Captain Gerald Brown and Larry Wilson, a volunteer reserve deputy — testified that they stole some of the marijuana for the purpose of selling it to one Tony Helms.
Roberts testified that appellant had worked as an undercover agent for Brown and himself for six or eight months during which time appellant assisted the Sheriff’s office in setting up fake drug sales for the purpose of arresting prospective purchasers. These prior incidents were referred to by the State’s witnesses as legitimate law enforcement operations. The Sheriff’s office would provide an individual with the opportunity to purchase marijuana and upon completion of the purchase the purchaser would be arrested.
Appellant’s defense is that he believed the sale of marijuana to Helms was merely another legitimate law enforcement operation. The evidence is consistent with this defense and therefore presents a reasonable hypothesis of innocence. '
There was no evidence that appellant participated in the theft of the marijuana from the jail. Appellant became involved in the case only after the theft was completed. His principal role thereafter was to persuade Helms to pay more money for the marijuana. This is certainly consistent with an attempt by appellant to make the transaction appear to be legitimate. There was also testimony that appellant guarded the marijuana before it was delivered to Helms. Finally, it appears that appellant received a cut of the money from Helms. The receipt of money by appellant would be consistent with his compensation for services rendered as an undercover agent.
All of the evidence of appellant’s intention to participate in an unlawful delivery of marijuana is circumstantial. There is no direct proof of appellant’s knowledge of the illegality of the transaction. Roberts testified that he assumed that appellant knew what was going on, but that he had no facts to back that up. Furthermore, Wilson stated that he never told appellant that the marijuana was stolen from the jail. The only fact which might suggest to appellant that the Helms transaction was illegal, while the prior similar transactions were lawful, is that a greater quantity of marijuana was used in the Helms transaction than in the prior cases.
When proof of criminal intent consists exclusively of circumstantial evidence, the proof not only must be consistent with the guilt of the accused, but also must be inconsistent with any reasonable hypothesis of innocence. Codie v. State, 313 So.2d 754 (Fla.1975); Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972). In view of appellant’s past participation in legitimate similar transactions with the same officers, the circumstantial evidence proving intent in the instant case is not inconsistent with a reasonable hypothesis of innocence; i. e., appellant believed he was assisting the Sheriff’s office in effectuating the arrest of Helms.
Therefore, appellant’s conviction for delivery of marijuana should be reversed and final judgment of acquittal entered.
REVERSED AND REMANDED.
*829 DAUKSCH, J., concurs.
ANSTEAD, J., dissents with opinion.