370 So.2d 854 (1979)
Anne POWERS, Petitioner,
v.
The STATE of Florida, Respondent.
No. 79-488.
District Court of Appeal of Florida, Third District.
May 8, 1979.
*855 Greene & Cooper and Sharon L. Wolfe, Miami, for petitioner.
Janet Reno, State's Atty., and Milton Robbins, Asst. State's Atty., for respondent.
Before HAVERFIELD, C.J., and PEARSON and KEHOE, JJ.
PEARSON, Judge.
We have been presented with a petition for writ of certiorari by Anne Powers, defendant in the county court, seeking review of the circuit court affirmance of her county court conviction for "offering to commit prost[itution] In Viol[lation] of ... [Section] 796.07, [Florida Statutes (1977)]." The petition alleges a departure from the essential requirements of law by the circuit court's affirmance of her conviction on appeal, where the record clearly shows that she (1) was entitled to a jury trial, (2) had demanded a jury trial and (3) had not waived her right to a jury trial under the provisions of Florida Rules of Criminal Procedure 3.251 and 3.260.[1]
The response of the State to the petition is: first, that the record shows a violation of a municipal ordinance and, therefore, the petitioner had no right to a jury trial and; second, that the petitioner's attorney in open court waived a jury trial and requested a non-jury trial and, therefore, the petitioner is barred from her assertion of a departure from the essential requirements of law.
The record shows that the petitioner was arrested for the above-mentioned violation of the Florida Statutes by police officers of the City of Miami Beach, and the State urges that we may take judicial notice of the fact that the City of Miami Beach has charter authority to enact an ordinance which would make the violation of the Florida Statutes violations also of municipal ordinances. We have no objection to taking judicial notice of the fact that the petitioner was also in violation of a municipal ordinance; however, we think we are bound by the record which shows that the petitioner was arrested on a charge of "offering to commit prost. in Viol. of F.S. 796.07 ... [and] ... in Viol. of Sec. 25-88 of the Code of Miami Beach." It has been determined that Section 932.61, Florida Statutes (1977), confers a statutory right to a jury trial when the violation of a municipal ordinance is also a violation of state law. City of Tampa v. Ippolito, 360 So.2d 1316 (Fla. 2d DCA 1978).
Turning to the State's suggestion that the petitioner is barred from claiming a departure from the essential requirements of law because she waived her right to a jury trial in the trial court, we find this was fully disposed of in Tosta v. State, 352 So.2d 526 (Fla. 4th DCA 1977), where the court held: "... under the circumstances of this case, where there was no written waiver by the defendant and nothing in the record to show the defendant's concurrence in his counsel's waiver, or that he understood what was meant by waiver of a jury trial, that there was no valid waiver. [citing authorities]" The circumstances in Tosta *856 appear to be identical to those in the present case. See also Molfetas v. State, 323 So.2d 598 (Fla. 3d DCA 1975).
We, therefore, issue the writ and quash the circuit court's order of affirmance with directions for further proceedings in accordance with this opinion.
NOTES
[1] 3.251 Right to Trial by Jury
In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury in the county where the crime was committed."
"Rule 3.260. Waiver of Jury Trial
A defendant may in writing waive a jury with the consent of the State."