371 So.2d 181 (1979)
Alfred I. GELLMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1474.
District Court of Appeal of Florida, Third District.
May 15, 1979.
Rehearing Denied June 15, 1979.
*182 Hirschhorn & Freeman and Joel Hirschhorn, Miami, for appellant.
Jim Smith, Atty. Gen. and Margarita G. Esquiroz, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and PEARSON and SCHWARTZ, JJ.
PER CURIAM.
Defendant, Alfred Gellman, appeals his conviction on 10 counts of grand larceny (auto theft) and contends that the trial court erred in denying his motion for judgment of acquittal where the prosecution failed to establish with clear convincing evidence that the theft of 10 automobiles was committed with the requisite felonious intent to the exclusion of every reasonable doubt. We find this point well taken.
It is necessary to prove that one charged with the crime of larceny possessed a felonious intent. Canada v. State, 139 So.2d 753 (Fla. 2d DCA 1962). The existence vel non of the requisite felonious intent is for the trier of the fact to determine subject to the legal requirement that there be substantial competent evidence from which the trier of the fact may so infer this intent. Casso v. State, 182 So.2d 252 (Fla. 2d DCA 1966). Where, as in the instant case, the prosecution attempts to prove the element of felonious intent by circumstantial evidence, such proof must not only be consistent with guilt but also inconsistent with any other reasonable hypothesis of innocence. McGough v. State, 302 So.2d 751 (Fla. 1974); Ross v. State, 285 So.2d 429 (Fla. 3d DCA 1973). The evidence in the case at bar reflects that Gellman obtained the consent of at least three individuals who held key management positions with respect to the day to day operation of North American Marketing (the owner of the vehicles) and whom he reasonably believed had the requisite authority to transfer the 10 vehicles to Haiti. In addition, he did not claim ownership of the vehicles as the Haitian franchise was not in his name but in the name of North American Marketing. Further, the receipts from the freight forwarder reflected that the shipment of the automobiles was to and from North American Marketing. We, therefore, conclude that the prosecution failed to prove the requisite element of felonious intent to the exclusion of every reasonable hypothesis of innocence.
There being insufficient competent evidence to sustain the finding of guilt, the convictions are reversed and Gellman is discharged.
Reversed.