375 So.2d 624 (1979)
George McWATTERS, Appellant,
v.
STATE of Florida, Appellee.
No. 77-2131.
District Court of Appeal of Florida, Fourth District.
October 10, 1979.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff and Denise Banjavic, Asst. Public Defenders, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, HUGH S., Associate Judge.
Appellant was tried and found guilty of burglary and grand larceny. On appeal he urges three grounds for reversal of his conviction, one of which is that the evidence against him was insufficient as a matter of law. We find that point to have merit.
Reviewing the facts most favorable to the State, on the night of June 7, 1977, four saddles were taken from the tack room at the C.B. Lucas Farm. Frederick Carter, Cleathon Vick and the appellant were subsequently charged; and the evidence was uncontradicted that all of them, together with a fourth individual, Albert Lehon, who could not be found, were in an automobile being driven by Lehon on a road that went past the Lucas farm.
Appellant was in the back seat of the automobile and on his arrest he gave a taped statement to the investigating officers which was admitted into evidence and in which the following appeared:
"MR. McWATTERS: When we came back down the road there, went down the road, came back up and went down the road again and came back up, blinked the lights, that's when they came over the fence with the saddles; throwed them over the damn fence, then they loaded them in the trunk.
MR. CHASTEEN: Who is they?
MR. McWATTERS: I hate to say this 
MR. CHASTEEN: Who is they?
MR. McWATTERS: Carter and Cleat."
The State contends that the foregoing evidence is sufficient to sustain a conviction.
We disagree.
*625 In Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972), the evidence established that the appellant was sitting in the driver's seat of his automobile which was parked on the street by a home; and that an unidentified person was seen walking from the home to the automobile in which he loaded a portable television set, and two rifles. Other evidence established that the home had been broken into that day, with the television and guns apparently stolen.
There, we held on page 254:
"The circumstances of appellant sitting in his car parked outside the Entwistle residence while stolen personal property is being loaded into the car is unquestionably consistent with guilt. Yet, it is not wholly inconsistent with a reasonable hypothesis other than guilt (of the offense charged). For example, such circumstances are not inconsistent with the hypothesis that appellant drove his car to the Entwistle residence at the request of his companion who gave a legitimate purpose as a pretext, and only after the companion emerged from the residence carrying the stolen property did appellant become aware of his companion's real purpose."
The proof of intent in this case was exclusively circumstantial evidence; and to sustain a conviction such proof had to be not only consistent with the appellant's guilt but also inconsistent with any reasonable hypothesis of innocence. Thomas v. State, 356 So.2d 827 (Fla. 4th DCA 1978).
Because a retrial of a defendant whose conviction is reversed for insufficiency of the evidence would violate the double jeopardy clause of the United States Constitution, we direct that the appellant be discharged. Burks v. U.S., 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).
Reversed with directions that appellant be discharged.
DOWNEY, C.J., and ANSTEAD, J., concur.