411 So.2d 1023 (1982)
Virgil JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1045.
District Court of Appeal of Florida, Second District.
March 31, 1982.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Following a nonjury trial, appellant was convicted of arson and sentenced to five years imprisonment. We find that there was no valid waiver of appellant's right to a jury trial and reverse.
Appellant was not present at the hearing on his attorney's oral motion for continuance. Defense counsel informed the court that he had advised appellant to waive his right to jury trial because of adverse influence his record might have upon the jury. Counsel stated that appellant had agreed to waive his right to jury trial. The court accepted the representations of defense counsel and, with the State's agreement, set the case for nonjury trial. Appellant never executed a written waiver of his right to jury trial; the court did not inquire of him personally as to whether he understood his right to jury trial and whether he had voluntarily agreed to waive that right.
A defendant's knowing, voluntary, and intelligent waiver of jury trial must be shown affirmatively from the record below. Viggiani v. State, 390 So.2d 147 (Fla.3d DCA 1980); Powers v. State, 370 So.2d 854 (Fla.3d DCA 1979); cert. denied, 379 So.2d 909 (Fla. 1979); Tosta v. State, 352 So.2d 526 (Fla. 4th DCA 1977), cert. denied, 366 So.2d 885 (Fla. 1978).
A stipulation filed by counsel attests to the fact that appellant did not initiate the request for nonjury trial and was not present when his counsel attempted to waive that right. There is no evidence to indicate any valid waiver. Inasmuch as this issue is dispositive of the instant case, we do not address appellant's remaining points raised on appeal.
REVERSED.
SCHEB, C.J., and DANAHY, J., concur.