440 So.2d 1290 (1983)
Richard Wayne WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1610.
District Court of Appeal of Florida, Fourth District.
September 28, 1983.
Rehearing Denied December 7, 1983.
*1291 Richard L. Jorandby, Public Defender, and Marcy K. Allen, and Tatjana Ostapoff, Asst. Public Defenders, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
This is an appeal from a judgment and conviction of three counts of burglary following a non-jury trial. Appellant contends that he was entitled to judgment of acquittal; that he did not legally waive trial by jury; and that the prosecutor improperly commented upon his right to remain silent.
We reverse and remand because of our agreement with appellant's second contention. Upon that point it is uncontradicted that the only record evidence is a waiver signed by appellant's counsel at the time of arraignment. The trial transcript reflects no discussion whatever upon the point. Florida Rule of Criminal Procedure 3.260 provides:
A defendant may in writing waive a jury trial with the consent of the State.
The State concedes that counsel's execution of the waiver along with other preliminary forms is, standing alone, insufficient to comply with the foregoing rule. It argues, however, that an evidentiary hearing will flesh out whether it was signed with appellant's knowing consent, thus giving the waiver form legal significance. We earlier entered an order which provided for just such a hearing. In doing so, we followed the order of another panel of this court, which was based upon Ivory v. State, 184 So.2d 896 (Fla. 4th DCA 1966). In Ivory, however, there was nothing in the record before the reviewing court, thus requiring the evidentiary inquiry.
As it turns out, the call for an evidentiary hearing in this case has turned into a thicket. Once the hearing commenced, it was impaled upon the thorn of the attorney-client privilege, which has convinced us that it was error to initiate the hearing. On reflection, we now agree with appellant's position that it was incumbent upon the trial court and all counsel involved to see that the record reflected compliance with the rule. If it does not, a post-trial hearing should not be held to resurrect or reconstruct what should have been done initially. For future guidelines, we endorse the following remarks of the Third District Court of Appeal in Sessums v. State, 404 So.2d 1074, 1075-76 (Fla. 3d DCA 1981):
Though the better practice is for a trial court to interrogate a defendant so as to satisfy itself that the defendant is fully apprised of his right to a jury trial and that the waiver of that right is made intelligently and voluntarily, Viggiani v. State, 390 So.2d 147 (Fla. 3d DCA 1980), rev. granted, 402 So.2d 613 (Fla. 1981); Quartz v. State, 258 So.2d 283 (Fla. 3d DCA 1972), cert. denied, 263 So.2d 825 (Fla. 1972), the only requirements of Florida Rule of Criminal Procedure 3.260 providing for waiver of jury trial, are that a waiver of a jury trial be in writing, see Powers v. State, 370 So.2d 854 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 209 (Fla. 1979); Tosta v. State, 352 So.2d 526 (Fla. 4th DCA 1977), cert. denied, 366 So.2d 885 (Fla. 1978); Molfetas v. State, 323 So.2d 598 (Fla. 3d DCA 1975), and that the State consent, see State ex rel. Gerstein v. Baker, 339 So.2d 271 (Fla. 3d DCA 1976). Florida, unlike some jurisdictions, has never required by statute, rule, or case law that the court itself inform the defendant of this right or make direct inquiry of the defendant as to the voluntariness of his waiver.
Under Florida law a waiver will be effective when there is consent of the parties and a defendant has either signed a written waiver in court which is made part of the record, Durcan v. State, 383 So.2d 248 (Fla. 3d DCA 1980); Russell v. State, 342 So.2d 96 (Fla. 3d DCA 1977); Kinser v. State, 291 So.2d 80 (Fla. 3d DCA 1974), cert. denied, 297 So.2d 832 (Fla. 1974), cert. denied, 420 U.S. 972, 95 S.Ct. 1393, 43 L.Ed.2d 652 (1975), or has previously signed a written waiver which *1292 is made part of the record and, in addition, either personally or through his counsel orally waives a jury trial in open court. Quartz v. State, supra. [Footnotes omitted.]
As for appellant's other points, he first contends that he was entitled to judgment of acquittal; but we disagree. There was substantial, competent evidence of his guilt. See Rose v. State, 425 So.2d 521, 523 (Fla. 1983). He next contends there was improper comment upon his right to remain silent. The trial court properly found the matter to be objectionable. See Webb v. State, 347 So.2d 1054, 1056 (Fla. 4th DCA 1977), cert. denied, 354 So.2d 986 (Fla. 1977). On remand the problem should not arise again.
ANSTEAD, C.J., and HURLEY, J., concur.

ON MOTION FOR REHEARING
GLICKSTEIN, Judge.
Appellee has advised us of the decision in Dumas v. State, 439 So.2d 246 (Fla. 3d DCA 1983). Appellant's response appropriately notes that in Dumas, the court's consideration was of the waiver executed by the defendant, not his counsel. We do not consider it necessary for this court to analyze Dumas further and we find nothing therein to occasion an about face. Accordingly, we deny the motion.
LETTS and HERSEY, JJ., concur.