440 So.2d 650 (1983)
Michael C. CIRIO, Appellant,
v.
STATE of Florida, Appellee.
No. 83-400.
District Court of Appeal of Florida, Second District.
November 18, 1983.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
OTT, Chief Judge.
Michael Cirio appeals from his conviction of burglary. As his sole point on appeal, defendant contends that there was no valid waiver of his right to a jury trial.
Defendant appeared with his counsel at a pretrial hearing and the following occurred:
MR. BENITO: The Public Defender represents Michael Cirio.
THE COURT: Mr. Crompton, as I understand, your client is present and you do waive trial by jury?
MR. CROMPTON: Yes, sir, and request a nonjury trial date.
THE COURT: 12/9.
MR. CROMPTON: Thank you.
The trial court did not inquire of defendant personally as to whether he understood his right to a jury trial and whether he had voluntarily agreed to waive that right. No written waiver of defendant's right to a jury trial was executed.
A defendant's knowing, voluntary, and intelligent waiver of a jury trial must be shown affirmatively from the record below. Johnson v. State, 411 So.2d 1023 (Fla. 2d DCA 1982). In the instant case, there is no evidence to indicate a valid waiver. Accordingly, defendant's conviction must be reversed. Johnson. See also Tosta v. State, 352 So.2d 526 (Fla. 4th DCA 1977), cert. denied, 366 So.2d 885 (Fla. 1978).
REVERSED.
SCHEB and DANAHY, JJ., concur.