440 So.2d 691 (1983)
James HURD and Earnest Hurd, Appellants,
v.
STATE of Florida, Appellee.
No. AS-106.
District Court of Appeal of Florida, First District.
November 23, 1983.
*692 Leo A. Thomas, of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellants.
Jim Smith, Atty. Gen., Gregory C. Smith, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Brothers James and Earnest Hurd appeal their convictions and sentences for grand theft. We agree with appellant James Hurd that the trial court erred in failing to grant his motion for judgment of acquittal. We also agree with appellants that no waiver of jury trial appears in the record. Therefore, we reverse and remand.
Earnest Hurd was charged in Count I of an information with theft of a color television valued between $100 and $20,000. James Hurd was charged in Count II of the information with theft of two rifles valued between $100 and $20,000. Appellants were tried before the court without a jury on January 21, 1983. No written or oral waiver of a jury trial appears in the record. The evidence adduced at trial, viewed in a light most favorable to the State, shows that Edward Turner burglarized a trailer in Pensacola, Florida, stealing a jar of change, two rifles, a box of ammunition, and a color TV. Shortly thereafter, he placed the stolen merchandise in bushes close by and told his friend Culliver about the merchandise and its location. Turner asked Culliver to find someone to buy the merchandise. Later that night, Culliver came back with a friend who was driving an El Camino. Turner identified Culliver's friend, the man driving the El Camino, as Earnest Hurd. The El Camino drove around the block one time with its lights out before returning to the spot where the stolen goods were secreted. Turner and Culliver loaded the stolen goods into the El Camino while Earnest Hurd remained in the driver's seat. Afterwards, they went to Earnest Hurd's house where Turner sold the TV to Earnest Hurd and the rifles to James Hurd. The TV was sold for $35 and both rifles for $22.
The trial court denied motions for judgment of acquittal made by each appellant at the close of the State's case and after all the evidence. The trial court found both appellants guilty as charged. James Hurd was sentenced to one year probation, and Earnest Hurd was sentenced to two years probation.
The trial court erred in denying the motion for judgment of acquittal as to James Hurd. The evidence, taken in a light most favorable to the State, shows only *693 that Turner sold James Hurd two rifles for $22. This evidence is insufficient to support a conviction for grand theft. There is no evidence from which guilty knowledge on the part of James Hurd can be inferred. Specific intent is an element of the crime of grand theft under Section 812.014, Florida Statutes (1981). State v. Allen, 362 So.2d 10 (Fla. 1978). The circumstantial evidence sub judice is insufficient to exclude a reasonable hypothesis of innocence in regard to James Hurd's intent. Cf. Stuckey v. State, 414 So.2d 1160 (Fla. 3d DCA 1982); Gellman v. State, 371 So.2d 181 (Fla. 3d DCA 1979); McWatters v. State, 375 So.2d 624 (Fla. 4th DCA 1979).
The trial court also erred in conducting the trial without a jury. No waiver of the right to a jury trial appears in the record. A defendant's knowing, voluntary, and intelligent waiver of jury trial must affirmatively appear in the record. Johnson v. State, 411 So.2d 1023 (Fla. 2d DCA 1982); Viggiani v. State, 390 So.2d 147 (Fla. 3d DCA 1980); Powers v. State, 370 So.2d 854 (Fla. 3d DCA), cert. denied, 379 So.2d 209 (Fla. 1979); Tosta v. State, 352 So.2d 526 (Fla. 4th DCA 1977), cert. denied, 366 So.2d 885 (Fla. 1978). Appellee's contention that appellants waived a jury trial in the instant case because defense counsel announced preparedness for trial and did not object when the nonjury trial commenced is without merit. In Tosta, the defense counsel not only announced preparedness for trial but affirmatively informed the court that the defendants desired a nonjury trial. As in the instant case, in Tosta no inquiry was made of the defendant, nor did he sign a written waiver of his right to a jury trial. Speaking for the court, Chief Judge Alderman (now Chief Justice) stated:
We do hold, however, under the circumstances of this case, where there was no written waiver by the defendant and nothing in the record to show the defendant's concurrence in his counsel's waiver, or that he understood what was meant by waiver of a jury trial, that there was no valid waiver.
352 So.2d at 527. Accordingly, appellants' convictions are reversed and sentences vacated. This cause is remanded for a new trial for appellant Earnest Hurd and with directions to discharge appellant James Hurd.
REVERSED and REMANDED.
MILLS and ZEHMER, JJ., concur.