GRIMES, Judge.
This case concerns the waiver of appellant’s right to a jury trial.
Appellant was charged with attempted robbery with a weapon and possession of a controlled substance. At the opening of trial, appellant was not present in the courtroom. The following colloquy occurred:
MR. FOGLEMAN [State Attorney]: I ASK THAT THE DEFENDANT BE SEATED AT DEFENSE TABLE.
MR. BRANNING [Defense Attorney]: I AM SORRY. I WILL GET HIM. I APOLOGIZE FOR THE DELAY.
THE COURT: MR. BRANNING, YOU HAVE WAIVED A JURY IN THIS CASE, IS THAT CORRECT?
MR. BRANNING: YES.
THE COURT: MR. FOGLEMAN, HAVE YOU AGREED TO THAT?
MR. FOGLEMAN: YES, YOUR HONOR, I HAVE.
Upon his return, the court did not directly question appellant as to whether he understood his right to a jury trial and whether he voluntarily waived that right. Appellant did not execute a written waiver of his right to jury trial. Shortly thereafter, he entered a plea of nolo contendere to the possession charge. He was then found guilty of attempted robbery at the nonjury trial.
A defendant’s knowing, voluntary, and intelligent waiver of jury trial must affirmatively appear in the record. Johnson v. State, 411 So.2d 1023 (Fla. 2d DCA 1982). Absent a written waiver, where the court does not inquire of the defendant personally concerning whether he understands his right to jury trial and whether he has voluntarily agreed to waive that right, the defendant is entitled to reversal of his nonjury trial conviction. Cirio v. State, 440 So.2d 650 (Fla. 2d DCA 1983); see also Otis v. State, 444 So.2d 1177 (Fla. 2d DCA 1984); Fla.R.Crim.P. 3.260. Here, appellant was not present at the time of the oral waiver, he did not state his concurrence with the action of his trial counsel, and he did not sign a written waiver. Thus, appellant did not voluntarily waive his right to trial by jury.
We hereby reverse appellant’s conviction of attempted robbery and remand for further proceedings.
RYDER, C.J., and CAMPBELL, J„ concur.