## ELLIS v. STATE OF FLORIDA
### Case No. 83-282-AC
Eleventh Judicial Circuit, Appellate Division, Dade County
February 1, 1985

### APPEARANCES OF COUNSEL

**Howard K. Blumberg,** Assistant Public Defender, for appellant.

**Julie S. Thornton,** Assistant Attorney General, for appellee.

Before KAYE, GOLDMAN, BARAD, JJ.

### OPINION OF THE COURT

PER CURIAM.

This is an appeal from a judgment and conviction of discharging a firearm in public in violation of Section 790.15 Florida Statutes, and reckless display of a firearm in violation of Section 790.10, Florida Statutes. Both offenses are first degree misdemeanors punishable by up to one year in prison.

Trial was held on a Non-Jury basis after counsel for the appellant orally informed the court at a pretrial hearing that the appellant waived his right to a trial by jury.

No inquiry was made of the appellant as to this waiver, nor did the appellant execute a waiver in writing.

Appellant raises the issues of (1) sufficiency of the evidence to support the contention that appellant exhibited a firearm in the presence of one or more persons; (2) the failure of appellant to waive trial by jury; and (3) error in imposing court costs and costs for the crimes compensation fund where appellant has previously been adjudged insolvent.

We reverse and remand this cause for a new trial based on our belief that appellant is correct in his second contention.

There is no written waiver in the record in this case. Florida Rules of Criminal Procedure 3.260 provide:

"A defendant may *in writing* waive a jury trial with consent of the state." (Emphasis added)

Counsel's oral recitation of a waiver on the record, standing alone, is insufficient to comply with the aforementioned rule.

The only colloquy regarding a waiver of jury trial occurred on July 20, 1984 as follows:

DEFENSE COUNSEL: We're going to be waiving jury on this.

THE COURT: I would not give you a jury anyway this morning.

The State without addressing the issue of the waiver thereupon asked for and was granted a continuance for other reasons and trial was set for August 18, 1983. At the trial, neither side raised the issue of waiver of jury trial, nor did the court require any clarification.

The issue of whether there can be a valid waiver of ones right to a jury trial absent a writing to that affect has been dealt with in *Tosta v. State*, 352 So.2d 526 (Fla. 4th DCA 1977) and *Power v. State*, 370 So.2d 854 (Fla 3rd DCA 1979) where the court held:

. . . under the circumstances of this case where there was no written waiver by the defendant and nothing in the record to show the defendant's concurrence in his counsel's waiver, or that he understood what was meant by a waiver of jury trial . . . there was no valid waiver.

The case of *Dumas v. State*, 439 So.2d 246 (Fla. 3rd DCA 1983) relied upon by the appellee, although well reasoned, can be distin-

152

guished from the instant case in that in *Dumas*, supra, there was a written waiver and an acceptance by the State in compliance with the Florida Rules of Criminal Procedure 3.260.

In the instant case, not only do we not have a written waiver, in addition we have nothing on the record to indicate consent by the State. The record is silent as to the latter.

In light of the foregoing, it is not necessary to decide the remaining issues raised by the appellant.

Reversed and remanded for new trial.

GOLDMAN and BARAD, concurring.