463 So.2d 464 (1985)
Sylvester SHULER, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1365.
District Court of Appeal of Florida, Second District.
February 6, 1985.
James Marion Moorman, Public Defender, and Douglas P. Chanco, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, EDWARD F., (Ret.) Judge.
Sylvester Shuler challenges his conviction and sentence for dealing in stolen property, contending that the trial court erred in proceeding with a bench trial without first establishing that Shuler validly had waived his right to a jury trial. We agree with Shuler's contention and reverse.
It is clear that a defendant's knowing, voluntary, and intelligent waiver of jury trial must affirmatively appear in the record. Johnson v. State, 411 So.2d 1023 (Fla. 2d DCA 1982). It is also clear that a defendant is entitled to reversal of his nonjury trial conviction when the record contains no written waiver of jury trial, as required under Florida Rule of Criminal Procedure 3.260, and the trial court has failed to inquire of the defendant personally, in open court, to ascertain that he has knowingly, intelligently, and voluntarily waived his right to trial by jury. Winchel v. State, 456 So.2d 1277 (Fla. 2d DCA 1984); Hurd v. State, 440 So.2d 691 (Fla. 1st DCA 1983); Cirio v. State, 440 So.2d 650 (Fla. 2d DCA 1983); Tosta v. State, 352 So.2d 526 (Fla. 4th DCA 1977), cert. denied, 366 So.2d 885 (Fla. 1978).
*465 In the instant case, the record contains neither Shuler's written waiver of jury trial nor evidence that the trial court conducted the personal inquiry described above before proceeding with a nonjury trial. Accordingly, we reverse Shuler's judgment and sentence and remand for a new trial.
SCHEB, A.C.J., and SCHOONOVER, J., concur.