## PEREZ v. STATE OF FLORIDA

Case No. 83-347-AC

Eleventh Judicial Circuit, Appellate Division, Dade County

March 29, 1985

### APPEARANCES OF COUNSEL

**Bennett H. Brummer,** Public Defender, and **Howard K. Blumberg,** Assistant Public Defender, for appellant.

**Jim Smith,** Attorney General, and **Charles M. Fahlbusch,** Assistant Attorney General, for appellee.

Before SHAPIRO, FEDER, SALMON, JJ.

### OPINION OF THE COURT

PER CURIAM.

This is an appeal from a judgment of conviction and subsequent sentence following a non-jury trial in the County Court.

On February 28, 1983, an information was filed charging defendant with the offense of criminal mischief, a first degree misdemeanor punishable by up to one (1) year in prison. The non-jury trial was conducted on November 18, 1983. When the calendar commenced that date, the trial Judge made a statement to all defendants in the courtroom. However, he did not advise those defendants charged with first degree misdemeanors they were facing up to one year in prison. Additionally, while the Court made mention of counsel, it did not advise those defendants charged with first degree misdemeanors or any other defendants they had the right to Court appointed counsel if they desired counsel and could not afford to employ same. The defendant herein was never specifically advised of this right.

Witnesses were called on behalf of the State. Defendant neither cross examined these witnesses nor testified on his own behalf. The Judge found the defendant guilty and adjudicated him guilty. He indicated the defendant would be placed on probation for a term of six (6) months with a special condition defendant perform two hundred (200) hours of community service.

No probation order was entered.

A short time after the pronouncement, a State witness re-entered the Courtroom and advised the Judge the defendant wouldn't leave him alone. The Judge then found the defendant in violation of his probation and sentenced defendant to thirty (30) days in the Dade County Jail. Thereafter, the defendant executed an affidavit of insolvency, the Judge made a finding of insolvency, and the Public Defender was appointed to represent defendant on appeal.

The file jacket reflects defendant was arraigned on October 14, 1983, and entered a plea of not guilty. The State indicated to the Court it was not seeking jail time and the Clerk indicated on the file jacket defendant waived jury trial. No written waiver is contained in the record nor is any colloquy included reflecting same.

It is fundamental a defendant can waive his right to counsel, but any such waiver must be voluntarily and intelligently made. *Faretta v. California*, 422 U.S. 806, 96 S.Ct. 2525, 45 L.Ed. 2d 562 (1975). Additionally, there can be no valid waiver of a right to jury trial absent a writing to that effect. *Tosta v. State*, 352 So.2d 526 (Fla. 4th DCA 1977), and *Power v. State*, 377 So.2d 854 (Fla. 3rd DCA 1979).

In the instant case, no written waiver of defendant's right to jury

trial was executed. The record does not reflect any oral waiver made in open Court and recorded by the Court reporter. Absent the foregoing, defendant's judgment, adjudication and sentence cannot stand. *Anidos v. State*, 447 So.2d 1003 (Fla. 4th DCA 1984); *Ellis v. State*, (Fla. 11th Cir. Ct. 1985, Case No. 83-282-AC).

The judgment, sentence and conviction are vacated and the matter is remanded to the trial Court with instructions to conduct a new trial after advising defendant of his constitutional rights and obtaining any waivers of same in writing.

Reversed and remanded for new trial.