PER CURIAM.
The public defender for the Second Judicial Circuit has filed an Anders brief in this cause, Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We find two of the potential grounds for relief identified by the public defender to be without merit. However, we find reversible error raised by one ground. Accordingly, we reverse and remand for new trial.
Appellant was charged by information with grand theft, Sections 812.014(1)(a), (b), (2)(b)1., Florida Statutes (1983). At the time of the events giving rise to this case, appellant was associated with an automobile repair and refurbishing business known as Automotive Specialists. The complainant, Glenn Bradshaw, owner of Automotive Specialists, alleged that appellant had refused to turn over to the business certain monies appellant had collected from a customer, Dale Stout.
The primary area of dispute below was over appellant’s relationship with Bradshaw, and hence Automotive Specialists. Appellant’s testimony was that his affiliation with Automotive Specialists was not that of employer/employee, but rather that he was an independent contractor. Appellant testified that he solicited personal business, which he then took to Automotive Specialists for the necessary repair work, paying Bradshaw $200.00 per month rent for the privilege of utilizing the premises. Out of the business generated, appellant testified, he paid Bradshaw fifty percent of the after-cost profits. Bradshaw, on the other hand, testified that he employed appellant as a paint and body man, paying him a commission based on fifty percent of the after-cost profits. Although Bradshaw acknowledged renting shop space to appellant to allow him to perform certain independent contract jobs, Bradshaw emphatically denied that the general business relationship between him and appellant was that of landlord-tenant.
As might be expected, appellant and Bradshaw disagreed as to whether the Stout work was performed for Automotive Specialists or for appellant as independent contractor. Bradshaw, while acknowledging that appellant had evidently solicited Stout’s business, insisted that the Stout repairs constituted an Automotive Specialists’ project. Bradshaw testified that appellant had utilized the business premises and tools, as well as one of Bradshaw’s employees, to assist appellant in completion of the required tasks. Bradshaw’s testimony was bolstered by the testimony of his shop foreman, Marcus Williamson, who agreed that appellant was an employee of Automotive Specialists, rather than an independent contractor, and that the repair work done on Stout’s van was a shop, rather than individual, project.
Appellant testified that, contrary to Bradshaw’s assertions, his work for Stout was strictly based on a contract between him and Stout.[1] Appellant’s version was bolstered by the testimony of Stout, to the effect that his dealings were strictly with Jackson, although the fact that Stout knew the work was to be done in Automotive Specialists’ shop makes his testimony susceptible to the inference that it was a shop job, rather than Jackson’s. Appellant testified that the reason Bradshaw had brought criminal charges against him was because they had been having numerous personal and professional conflicts, and thus Bradshaw was attempting to “get back” at appellant. Appellant attempted to bolster this proposition with the proffered testimony of a former Automotive Specialists’ em *348 ployee, Gloria Brown, who confirmed that Bradshaw had promised to “get even” with appellant. Appellant also proffered the testimony of Ms. Brown that Bradshaw had made romantic advances toward her, as well as appellant’s girlfriend. The trial court rejected this proffer, as well as appellant’s attempts to cross-examine Bradshaw as to these allegations, ruling the evidence improper impeachment of Bradshaw’s character.
Regarding the alleged theft, Bradshaw testified that on the day in question he had been informed by appellant that the repairs to Stout’s van were complete. As a result, Bradshaw testified, he had been informed by appellant that appellant was going to return the van to Stout. When appellant had failed to return by 5:00 P.M. that day, Bradshaw and Williamson began searching for appellant, Williamson finding him at a 7-11 store. Bradshaw testified that appellant had told him that the reason appellant had failed to return with the money for the Stout job was because he “was in a bind” for money. Bradshaw further testified that appellant had promised to repay the disputed sum over a period of time. Although Bradshaw’s testimony indicated that the business practice of having appellant, rather than Bradshaw, deal with the customers — including collecting the shop’s bills — was the rule rather than the exception, Bradshaw denied that appellant had any authority to sign Stout’s receipt as paid in full.
Appellant’s motions for directed judgment of acquittal, made at the close of both the state’s case and appellant’s testimony, were denied by the trial judge. Instead, the trial judge found appellant guilty as charged. He explained that he found appellant’s testimony regarding his independent employment status vague, and hence unworthy of belief. However, the trial court withheld adjudication of guilt, and placed appellant on two years probation. One of the terms of probation required appellant to pay Bradshaw $800.00 restitution, the amount appellant testified was the price negotiated by Stout and himself for the work on Stout’s van.
It is first contended in appellant’s behalf that there appears to have been no written waiver of the jury trial executed below, although reference was made to such a document. Florida Rule of Criminal Procedure 3.260 requires that all waivers of jury trials be in writing. However, a written waiver of jury trial, signed by appellant and his trial counsel, does appear in the record, in the form of a copy of the circuit court file jacket. Moreover, the trial court questioned appellant in open court to ascertain whether appellant’s waiver was made knowingly, intelligently, and voluntarily. Thus, a proper waiver of jury trial was executed below. See Shuler v. State, 463 So.2d 464 (Fla. 2nd DCA 1985); Hurd v. State, 440 So.2d 691 (Fla. 1st DCA 1983); Tosta v. State, 352 So.2d 526 (Fla. 4th DCA 1977), cert. den., 366 So.2d 885 (Fla.1978).
The second asserted ground for potential error is likewise meritless. Appellant’s counsel points out that Section 812.014 requires proof of an intent to steal, State v. Dunmann, 427 So.2d 166 (Fla.1983), and that there can be no larceny conviction upon a good faith claim of right to the property in question, Kilbee v. State, 53 So.2d 533, 536 (Fla.1951). Accordingly, counsel asserts, since appellant here made a good faith claim of right to the proceeds of the Stout job, the state has failed to prove the requisite unlawful intent. See Board of Regents v. Videon, 313 So.2d 433, 435 (Fla. 1st DCA 1975).
Regardless of the legal soundness of the “intent to steal” defense, and circumstances which would strongly indicate its appropriate application here, we find that a factual issue was presented on this issue which would preclude acquittal as a matter of law. The status of appellant vis-a-vis Automotive Specialists was vigorously disputed below. Viewing the evidence in a light most favorable to the state, we find that the record contains sufficient evidence to support the trial court’s implicit *349 finding that appellant was in fact an employee of Automotive Specialists, and that appellant’s actions in obtaining payment from Stout and leaving the premises, coupled with his explanation for his actions on being apprehended marginally support a finding of intended theft. Under Section 812.014, regardless of how the property is acquired, if a defendant has the requisite criminal intent, he can be found guilty of theft. Crawford v. State, 453 So.2d 1139, 1141 (Fla. 2d DCA 1984); Brewer v. State, 413 So.2d 1217, 1219 (Fla. 5th DCA 1982), pet. for review denied, 426 So.2d 25 (Fla.1983).
However, the trial court reversibly erred in restricting appellant’s trial counsel during his cross-examination of Bradshaw. Where, as here, “practically the entire case of the prosecution rested on the testimony of [Bradshaw] and, therefore, his credibility or possible bias was of the utmost importance ...,” Stripling v. State, 349 So.2d 187, 191 (Fla. 3d DCA 1977), a trial judge should allow the defendant to inquire of the witness via cross-examination of the witness’s bias. Pollard v. State, 444 So.2d 561 (Fla. 2d DCA 1984); see also Taylor v. State, 455 So.2d 562, 565 (Fla. 1st DCA 1984) (cross-examination regarding victim’s motive for lying in prison sexual battery case) (dicta). Although this was a non-jury trial, and the trial court heard the testimony sought to be introduced into evidence by way of proffer, we assume the trial court honored its own evidentiary ruling, and thus refused to consider the proffered testimony regarding Bradshaw’s threat to “get even” with appellant, as well as his alleged advances towards appellant’s girlfriend and a co-employee. Accordingly, reversal is required here to allow defendant the opportunity to fully present his case.
REVERSED and REMANDED for new trial.
ERVIN, C.J., and SMITH and NIM-MONS, JJ., concur.

. On cross-examination, appellant acknowledged that an employee of Automotive Specialists, paid by Bradshaw had assisted him in working on Stout’s van. Appellant’s explanation was that the assistance rendered by this employee had been minor. Appellant also admitted on cross-examination that he had received no receipts from Bradshaw for appellant’s alleged rental payments to Bradshaw. Appellant’s explanation was that Bradshaw had told appellant that he would not need the receipts because there would never be any trouble over the alleged payments.