PER CURIAM.
This is a petition for a writ of certiorari seeking review of a three-judge circuit court decision below which affirmed a county court conviction for the first degree misdemeanor of driving while license suspended, as a second offense. § 322.34(1), Fla.Stat. (1983). It is urged that the circuit court departed from the essential requirements of the law by affirming this conviction because the defendant was denied his *812 right to trial by jury in the cause. We agree, and accordingly, grant the petition for a writ of certiorari, quash the decision below, and remand the cause to the circuit court with directions to (a) reverse the conviction for driving while license suspended, and (b) remand the cause to the county court for a new trial by a jury. We reach this result based on the following briefly stated legal analysis.
First, the petitioner George Pino was, without dispute, charged with an offense for which he was constitutionally entitled to a jury trial under the federal and Florida constitutions and, in fact, filed a written demand for a jury trial on this charge in the county court. See Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); Whirley v. State, 450 So.2d 836 (Fla. 1984); U.S. Const. Amend. 6, 14; Art. I, § 22, Fla. Const. Second, the petitioner did not himself orally or in writing waive his right to a jury trial on this charge in the county court; he did not execute a written waiver of jury trial, Fla. R.Crim.P. 3.260, or otherwise indicate that he concurred in his counsel’s apparent acquiescence in a non-jury trial below. This being so, the petitioner was denied his right to a jury trial and the conviction which thereafter followed is subject to reversal. See Williams v. State, 440 So.2d 1290 (Fla. 4th DCA 1983), pet. for review denied, 450 So.2d 489 (Fla. 1984); Powers v. State, 370 So.2d 854 (Fla. 3d DCA), cert. denied, 379 So.2d 209 (Fla. 1979). Third, the circuit court below departed from the essential requirements of the law in affirm ing the instant conviction under these circumstances and accordingly a writ of cer-tiorari lies to quash this affirmance. The fact that- the petitioner could have filed a post-trial motion to vacate his conviction under Fla.R.Crim.P. 3.850, see Dumas v. State, 439 So.2d 246, 252 (Fla. 3d DCA 1983) (en banc), does not deprive this court of jurisdiction to review this cause on a petition for a writ of certiorari. Combs v. State, 436 So.2d 93 (Fla. 1983).
Certiorari granted.