## LINDSEY v STATE OF FLORIDA
### Case No. 88-12882C (County Court Case No. 88-15964)
Thirteenth Judicial Circuit, Hillsborough County

March 28, 1990

### APPEARANCES OF COUNSEL

**Daniel Kirkwood, Esquire,** Assistant Public Defender, for appellant.

**Christopher Vogel, Esquire,** for appellant.

**James Barton II, Esquire,** Assistant State Attorney and **James Viggiano, Esquire,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

SUSAN C. BUCKLEW, Circuit Judge.

The Appellant, Darrell Lindsey, appeals the trial court's failure to grant the Appellant's motion for Judgment of Acquittal and verdict finding Appellant guilty of Petit Theft. This court reverses.

The trial court's judgment is cloaked with the presumption of correctness and should not be disturbed as long as there is substantial competent evidence to support that judgment. Here, the State's evidence as to Appellant's guilty consisted of the following: Appellant was in the 7 - 11 convenience store at the time of the theft; Appellant carried grocery items from the shelves to the check out counter,

Appellant did not question co-defendant Arthur Beazer on the details of a supposed 7 - 11 account. Appellant testified he went along with co-defendant Angel Cuevas-Reyes for the ride, not specifically to the 7 - 11 store. Further testimony was that co-defendant Reyes went to the 7 - 11 to pick up co-defendant, Arthur Beazer s groceries in exchange for being allowed to use Beazer's car the next morning. Beazer, an employee at 7 - 11, told the Appellant and Reyes that he had an account at the 7 - 11 store. Beazer had been an employee for two and one-half years. Appellant used Beazer's shopping list to pick which items to bring to the counter. Appellant carried nothing out of the store although groceries were carried out at the time Appellant was in the store. Appellant consumed no food in the store but did purchase a bag of candy.

To be convicted under the principal theory there must be substantial, competent evidence that the Defendant knew what was happening and intended to participate actively or by sharing in an expected benefit. Circumstantial evidence can be used to prove intent; however that evidence must not only be consistent with guilt but also inconsistent with any reasonable hypothesis of innocence. *Gellman v State*, 371 So.2d 181 (Fla. 3d DCA 1979), *Davis v State*, 436 So.2d 196 (Fla. 4th DCA 1983), *Cox v State*, 394 So.2d 237 (Fla. 1st DCA 1981).

The undersigned court looked for an appropriate cow, hog or chicken case to cite, but couldn't find one.

The trial court's verdict of guilt is reversed. The case is remanded to the trial court with instructions to discharge the Appellant, Darrell Lindsey.

DONE and ORDERED in Hillsborough County, Florida this 28th day of March, 1990.