PATTERSON, Chief Judge.
Tonda Rowe appeals from her judgment and sentence for grand theft. She argues that the trial court erred in denying her motions for judgment of acquittal because the State failed to prove that she had the requisite intent to commit the offense. We agree and reverse.
On January 12, 1999, Rowe had been working at a Circle K Store for about three months. Donnie Hargrove, Rowe’s uncle, came into the store to buy cigarettes and beer. Hargrove presented a credit card that did not have his name on it. When Rowe asked Hargrove about the card, he claimed that he had permission to use it. The credit transaction was approved, so Rowe assumed Hargrove’s story was true. The transaction totaled $577.55. Hargrove later came into the store a second time to buy more cigarettes. His second transaction totaled $322.76. Rowe placed the receipts in the safe as she had been instructed.
The next morning, when the assistant store manager became aware of Har-grove’s large purchases, she called the sheriffs department and the person whose name appeared on the credit card, Dennis Streeter. Mr. Streeter explained that he had discovered that his wallet was missing from his desk, but he assumed that he had lost it. He did not give Hargrove permission to use his card.
The police interviewed Hargrove, who was identified through the store surveillance tapes. He confessed to making the transactions and indicated that he had told Rowe that he was authorized to use the card. He did not offer to give her anything in exchange for the purchases.
At trial, Hargrove testified that he told Rowe that he had permission to use the card. He asked Rowe to test the card first to make sure the transaction would go through. Rowe made him sign a receipt after each transaction. Testimony was inconsistent regarding whether Rowe was told that there was a store policy limiting credit card purchases to $40. Rowe was trained for the job by a computer program.
The defense moved for a judgment of acquittal after the State rested its case and at the close of all the evidence. The defense argued that there was no evidence that Rowe intentionally deprived anyone of property or that she acted in concert with Hargrove. The trial court denied the mo.-tions. This was error.
A trial court should grant a motion for judgment of acquittal if the State fails to present evidence which is inconsistent with the defense’s reasonable hypothesis of innocence. See State v. Law, 559 So.2d 187 (Fla.1989). Here, Rowe’s hy *951 pothesis of innocence was that she did not know the credit card was stolen. She trusted her uncle and believed his claim that he had permission to use the credit card. Rowe was a new employee and inexperienced at processing credit card transactions. Because a credit card check revealed that the card was active, she felt it was reasonable to assume that her uncle’s use of the card was valid.
The State argues that Rowe was instructed to limit credit card purchases to $40 and, therefore, intent could be inferred by the large dollar amount of the purchases. However, the evidence was conflicting on whether Rowe was ever trained in performing credit card transactions; thus, the inference is insufficient to prove felonious intent to the exclusion of every reasonable hypothesis of innocence. See Gellman v. State, 371 So.2d 181 (Fla. 3d DCA1979).
Because the State failed to produce any competent evidence to disprove Rowe’s reasonable hypothesis of innocence, we reverse Rowe’s conviction.
Reversed.
NORTHCUTT and STRINGER, JJ., concur.